### Charles U. Gordon

*v.*

### Frederick H. Winston et al.

*Opinion filed October 16, 1899.*

Injunction—*park commissioners may enjoin erection of piers off Lincoln park shore.* An injunction will be granted at the instance of the park commissioners of Lincoln park to restrain an individual from erecting a pier upon the submerged lands along Lake Michigan, granted by the State to the commissioners in trust for park purposes. (*Revell* v. *People*, 177 Ill. 468, decides the material questions here involved.)

Appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

Smith, Blair & Smith, and Wilson, Moore & McIlvaine, for appellant.

James McCartney, and Edward O. Brown, for appellees.

Mr. Justice Wilkin delivered the opinion of the court:

This proceeding by injunction was begun in the circuit court of Cook county August 11, 1896, by the commissioners of Lincoln park, against Charles U. Gordon, to enjoin him from constructing piers upon the submerged lands along the shore of Lake Michigan adjacent to lot 13 of Simmons & Gordon's addition to Chicago, belonging to defendant. The bill alleges that by the act of June 15, 1895, enabling park commissioners having control of any park bordering upon public waters in this State to en-

large the same, and granting to them, for park purposes, the submerged lands in the lake, extending out to navigable water, the commissioners of Lincoln park prepared and adopted a plan for the occupation and improvement of the submerged lands lying between the north line of Grace street extended and the northern limit of the town of Lake View, in Chicago; that by the terms of said act, and the action of the park commissioners in pursuance thereof, "all the submerged land between the limits of said proposed improvements became and was vested" in the commissioners of Lincoln park on November 25, 1895; that on or about August 1, 1896, the defendant, claiming to own the above described lot, "placed upon the submerged lands of Lake Michigan, below the water line, a certain box pier, consisting of large boxes about eight feet square, filled with heavy stone and placed one against the other for a distance of about one hundred and fifty feet upon the submerged lands" aforesaid, belonging to the complainants. As an exhibit to the bill, and as a part thereof, the complainants filed a copy of the resolutions adopted by the park commissioners, by which they availed themselves of the act of the legislature and took possession of the submerged lands in question. To the bill the defendant filed a general demurrer. On March 3, 1898, it was overruled, and the defendant electing to stand by it, the court granted the relief prayed in the bill. Defendant appeals.

Upon this appeal the defendant does not question the validity of the act of the legislature granting to the commissioners these submerged lands, but it is said the facts presented tend to show that the exercise of power by the commissioners was unreasonable. Under the act in question the park board had the right to appropriate the submerged lands extending out to the line of navigation, and no contention is made that they have exceeded that limit. The submerged land upon which the piers were located was the property of the State, granted to appellees in

trust for park purposes, and it is clear they had the right to enjoin any acts on the part of appellant which tended to encroach upon the public domain and gradually appropriate such property to his own use. It will be sufficient to say that the material questions involved in this case have been settled by the decision in *Revell* v. *People,* 177 Ill. 468.

The decree of the circuit court overruling the demurrer was proper, and it will accordingly be affirmed.

*Decree affirmed.*