[No. 4442.]

## BARR v. THE PEOPLE.

**1. Practice in Criminal Cases—Information—Affidavit.**

Where an affidavit upon which a criminal information is based states that affiant has personal knowledge that the offense was committed and that he is a competent witness to testify in the case, the truth of such statement cannot be put in issue by defendant, and the fact that it was shown on the trial of the case that affiant had not personal knowledge of the commission of the offense but only such knowledge as he had gained from the report of others is not ground for reversing a conviction.

2. **Practice in Criminal Cases—Evidence—Incrimination of Witness.**

The rule that a witness cannot be compelled to testify to facts that would tend to criminate himself is a personal privilege of the witness and cannot be invoked by a defendant on objection to the evidence of an accomplice.

3. **Evidence—Joint Information—Testimony of Codefendant.**

Where two parties were jointly charged with the same crime in the same information, one of them being separately on trial, the other was a competent witness against him.

4. **Evidence—Competency of Witness—Testimony Favorable to Defendant.**

Assignments of error based on objections to the competency of a witness will not be considered where the testimony of the witness was entirely favorable to the plaintiff in error.

5. **Evidence—Competency of Accomplice—Promise not to Prosecute.**

The fact that the prosecuting attorney promised not to prosecute a defendant in consideration that he should testify against his codefendant with whom he was jointly indicted for the same offense, would affect his credibility but not his competency as a witness.

6. **Evidence—Testimony of Accomplice—Intimidation.**

Defendant, against whom an accomplice had testified, offered to prove by a witness that said witness was present and heard the district attorney tell the accomplice that if he would testify a certain way he would be given his liberty, and if he did not testify that way he would be sent to the penitentiary. Held that the evidence was incompetent and was properly excluded.

7. **Evidence—Identification—Exhibit.**

In a prosecution for robbery, where the evidence shows that a pistol was used in the robbery, and a witness testified that he borrowed a pistol similar to the one shown him at the trial and gave it to defendant, and that defendant told him he had returned it, and the owner when shown the pistol testified that he believed it was his and the one he told the former witness to let defendant have, there was sufficient identity of the pistol to admit it in evidence as an exhibit.

8. **Instructions—Probability of Guilt—Identity.**

Where in a criminal prosecution the court instructed the jury in substance that the defendant was presumed to be innocent and that the presumption continued until they were satisfied beyond a reasonable doubt of his guilt, and that in order to convict the defendant upon circumstantial evidence alone, the

circumstances must not only concur to show the defendant committed the crime but that they must exclude to a moral certainty every reasonable hypothesis except that of guilt, it was not error to refuse special instructions requested by defendant upon the questions of probability of guilt, identity and character of defendant.

**9. Instructions—Testimony of Accomplice.**

It is not error to refuse instructions requested by defendant concerning the testimony of accomplices, where the accomplice who testified in the case gave no testimony implicating defendant with the commission of the offense charged.

**10. Instructions—Burden of Proof—Alibi.**

An instruction that "to render an alibi satisfactory the evidence must cover the whole of the time of the transaction in question" is not objectionable as placing the burden on defendant of proving to the satisfaction of the jury that defendant was not present, where in the following instruction the jury was told that the presence or participation of the defendant in the commission of the offense charged must be established by the prosecution beyond a reasonable doubt, and that if the jury had a reasonable doubt whether or not he was present and participated in the crime they should acquit him.

**11. Instructions—Exceptions—Appellate Practice.**

Objections to instructions will not be considered by the appellate court where no objection was made or exception saved in the trial court.

**12. Evidence—Statements by Accomplice in Presence of Defendant.**

A witness for the prosecution was asked to detail a statement made by an accomplice in the presence of defendant, which was objected to until it was first shown what response was made by defendant, if any. The objection was overruled and witness detailed the statement and testified that when he asked defendant what he had to say defendant replied that he had nothing to say. The court then directed the jury not to consider the statement as evidence against defendant. Held not error to permit the witness to detail the conversation in its regular order, rather than to first require him to give defendant's answer, and that the court was not required to pass upon its admissibility until he heard the statement and defendant's response.

**13. Evidence—Practice in Criminal Cases.**

Where in a criminal prosecution incompetent evidence was stricken out and no error was committed in permitting the witness to detail the evidence before passing upon it, error cannot

be assigned upon the misconduct of the district attorney in offering the evidence because at a former trial the same evidence was given and stricken out.

**14.  Practice in Criminal Cases—Limiting Argument.**

It is not error to limit the time of argument for defendant's counsel in a criminal prosecution, where sufficient time is allowed to discuss the issues of the case.

**15.  Evidence—Directing Verdict.**

In a prosecution for robbery where one witness identified defendant as being present and participating in the robbery, it was not error to refuse to direct a verdict for defendant.

*Error to the District Court of Arapahoe County.*

Mr. N. Q. TANQUARY, Mr. GEORGE W. TAYLOR and Mr. CHARLES ROACH, for plaintiff in error.

Mr. C. C. POST, attorney general, Mr. C. A. ROBERTS, Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court.

An information verified by the affidavit of Hamilton Armstrong was filed by the district attorney of the second judicial district charging John K. Barr, Joseph Haenalt and John Doe with the crime of robbery.  The defendant Barr was tried and convicted. He brings this case here by writ of error, and asks for the reversal of the judgment of conviction for the several reasons which we shall consider in the course of the opinion.

We shall consider those assignments of error only to which our attention is directed in the brief.  The information is attacked because the affidavit accompanying it is not verified by one who had personal knowledge of the commission of the offense.  The affiant states that "he has personal knowledge that the offense was committed and that he is a competent witness to testify in said case."  Upon the trial it

was shown that the affiant did not have personal knowledge that the offense was committed and that the only knowledge he had of the commission of the offense was that gained from the report of others. It was held in *Holt v. The People,* 23 Colo., 1, that when an affidavit is made as the basis of an information in conformity with the requirements of the statute, it is not in the power of the accused to attack, by counter affidavit or otherwise, the truth of its material statements. The court, in that case, speaking of the right of an accused to attack an information for the reason that the affidavit accompanying it was not true, said, "Certainly no authority for such practice is found in the statute, and, in our opinion, ought not to be tolerated." The objection that the information was not verified by an eye witness of the commission of the offense must be overruled.

The 3d, 4th, 5th and 6th subdivisions of the brief relate to the reception of the testimony of Haenalt and the rejection of the testimony of J. C. Fitnam. Before the witness Haenalt took the stand he was informed by the court that he could not be compelled to give any testimony of an incriminating nature against himself. After a few preliminary questions by the district attorney, a *nolle pros.* was entered and the witness was examined at length. The defendant objected to the witness being examined and the objections were overruled, but no objection was made by the witness himself nor by his counsel. At the beginning of the trial, defendant Barr demanded that all the witnesses be excluded from the court room, at this time Haenelt was sworn as a witness, and counsel notified the court that Haenalt objected to giving testimony, and that he would raise proper objections when the witness was called upon to testify, but when Haenelt took the stand the record fails to show any objection by the witness or his counsel,

and it is well settled in this state that the privilege of not testifying to facts which tend to criminate is a privilege of the witness alone (*Lothrop v. Roberts,* 16 Colo., 250; *Bradford v. People,* 22 Colo., 157); and the defendant would not have been permitted to assign error, even if the court had refused to inform Haenalt that he could decline to answer questions if such answers would tend to criminate him.—*Bolen v. People,* 184 Ill., 338.

The defendant Barr having been granted a separate trial, it was not error to permit Haenelt to testify. The objection of the defendant that Haenalt had been jointly accused and charged with the same offense in the same information with the defendant Barr, and that said cause had not been disposed of, was properly overruled.—Wharton Cr. Ev., Sec. 439.

Many objections were made to the competency of the witness Haenalt. We shall not consider these objections for the reason that if we were to assume that error had been committed by the court in permitting the witness to testify, the testimony was favorable to the defendant and completely exonerated him from participation in the commission of the offense, and the defendant is not in a position to complain.

Counsel assert that the court should not have permitted Haenalt to testify because it appeared that he had been offered his liberty in consideration of giving his testimony. Assuming that Haenalt had been offered his liberty by the district attorney, that fact would not make Haenalt an incompetent witness; it would affect his credibility.

The defendant offered to show by the witness J. C. Fitnam that he was present at a conversation between the district attorney and Haenalt at which time the district attorney told Haenalt that, "If he would testify a certain way he would be given his liberty, and if he didn't testify a certain way he would send

him to the pen." Upon objection this offer was refused, and the defendant assigns error upon this refusal of the court. ·The testimony offered was clearly incompetent and irrelevant, and was correctly refused.

The defendant complains that a pistol which was not properly identified was received in evidence over his objection. The objection was properly overruled. The witness Conway testified that he borrowed a pistol similar to the one shown him at the trial from a person named Husk and gave it to Barr, and that Barr told him that he had returned it. Husk when shown the pistol said he believed it was his and the one he told Conway to let Barr have. The testimony of these witnesses, in connection with the testimony that a pistol was used in the commission of the robbery, was, in our opinion, sufficient to identify the pistol for the purpose of being used as an exhibit.

The court refused twenty-three instructions offered by the defendant. It is contended that the court ignored the request of counsel and failed to charge the jury upon the following:

1. The probability of guilt.
2. The proof of identity.
3. Promises and rewards to accomplice.
4. Caution as to evidence of accomplice.
5. Corroboration of accomplice.
6. Presumption as· to character of defendant Barr.

The court correctly charged the jury upon the subjects of the presumption of innocence, reasonable doubt and circumstantial evidence. In instructions numbered 5, 6 and 9 the court informed the jurors, in substance, that the defendant was presumed to be innocent of the charge against him and that the presumption continued and prevailed until they were satisfied beyond a reasonable doubt of the defendant's

guilt, and that in order to convict the defendant upon circumstantial evidence alone, the circumstances must not only concur to show that the defendant committed the crime but that they must exclude to a moral certainty every reasonable hypothesis except that of guilt. So that the court gave in effect the instructions requested by the defendant upon the subjects of probability, identity and character.

The instructions requested by the defendant concerning accomplices were, we think, properly refused. They are, perhaps, proper instructions to be given in cases where an accomplice testifies for the people and in his testimony implicates a defendant, but in a case where no testimony is given by one who admits guilt and also accuses the defendant, the defendant is not entitled to instructions such as were offered.

The court is not bound to instruct the jury upon particular phases of the case if he has fairly instructed the jury generally upon the law. The jury should be instructed clearly and fairly, without cumulation; unnecessary repetition tends rather to confuse than instruct the jury, and neither the state nor the defendant is entitled to have undue prominence given to any proposition by reiteration. In this case the court having instructed the jurors that the defendant was presumed to be innocent, that the presumption should continue until they were satisfied of his guilt beyond a reasonable doubt, that the circumstances shown connecting the defendant with the commission of the offense must be inconsistent with any other hypothesis than the single one of guilt, and that if there was any reasonable doubt whether the defendant was present at or absent from the place where the crime was committed and participated in the commission thereof, they should acquit, the instructions were as favorable to the defendant as he could reasonably ask, and covered all the propositions included in the

34

instructions requested and refused except those relating to accomplices.

Instructions numbered 8 and 9 offered are as follows:

"8.   The court further instructs the jury: That to justify a conviction of the defendant his identity as one of the guilty persons must be proved beyond every reasonable doubt, and the jury are not bound to believe that the witness was able to identify the prisoner at the bar with certainty because they swear positively as to their identity.   And the jury should not so believe if they themselves are satisfied from the circumstances proved that there is a reasonable doubt as to whether the witness or witnesses were able and did identify the defendant as one of the guilty persons."

"9.   The court further instructs the jury: That so far as the question of identity of the defendant here, the court instructs the jury that if you believe from the evidence and the circumstances proved that there is reasonable doubt whether the witness or witnesses might not be mistaken as to the identity of this defendant, then before the jury would be authorized to convict the defendant the corroborating circumstances tending to establish his identity must be such as with other testimony produces a degree of certainty in the minds of the jury so great that you can say that you have no reasonable doubt as to the identity of the defendant."

Counsel urgently insist that the court manifestly erred in refusing these instructions, and that the cause therefore should be remanded for a new trial. We have endeavored to show that the defendant was not entitled to have these instructions given, for the reason that the subject had been completely covered. In addition to what we have said, we quote with approval the following from Thompson on Trials, as

bearing upon this subject: "Where the question of identity of the accused as the person who committed the crime is in doubt or dispute, no rule is known which requires the judge to give a special instruction to the jury as to the strength of evidence necessary to establish identity. The general instruction touching the presumption of innocence, and the necessity of overcoming this presumption by evidence which satisfies the minds of the jury of the guilt of the accused, beyond a reasonable doubt, will ordinarily be sufficient for the purposes of justice in such a case." §2443.

The court instructed the jury, "that to render an alibi satisfactory the evidence must cover the whole of the time of the transaction in question;" and counsel say that by thus instructing the jury the court placed upon the defendant the burden of proving to the satisfaction of the jury that he was not present at the time of the commission of the offense, whereas the law provides that if there is reasonable doubt in the minds of the jurors they must acquit. An instruction in this identical language was approved by this court in *Wisdom v. People,* 11 Colo. 175, and moreover, in the instruction immediately following, the jury was told that the presence or participation of the defendant in the commission of the offense charged must be established by the prosecution beyond a reasonable doubt, and that, "if you have any reasonable doubt whether the defendant was present or absent from the place where the crime was committed and participated in the commission thereof, it is your duty to acquit."

We shall not consider the objection raised during the oral argument to instructions numbers 5 and 6 given by the court, for the reason that no objection was made at the trial and no exception saved to the giving of these instructions.

Hamilton Armstrong was examined by the prosecution as to certain statements made by Haenalt at the city hall in the presence of Barr. Counsel objected to the witness relating the statement made by Haenalt until after it was shown what response, if any, Barr made thereto. The objection was overruled, and Armstrong testified in substance that Haenalt then said in Barr's presence that Barr was an active participant in the commission of the robbery and that Barr had the possession of the plunder. That Armstrong then asked Barr what he had to say regarding Haenalt's statement and that Barr replied that he had nothing to say. Thereupon, the court ruled that Haenalt's statement was not evidence against Barr, and directed the jury to disregard it. The natural way in which to relate a conversation is in the order in which it occurred; and we do not think the court erred in permitting the witness to detail the conversation in the usual order rather than on the order suggested by counsel.

The judge could not know whether the statement made by Haenalt was competent evidence against Barr until he had heard Barr's response to the statement, and not till then was he called upon to pass upon its admissibility. The ruling of the judge was correct. The response made by Barr was not an admission of the truthfulness of Haenalt's statement, and the testimony was properly rejected. We do not regard the cases cited by counsel to the effect that when improper testimony is received which is clearly prejudicial to a defendant that the error in receiving the testimony is not cured by its subsequent withdrawal from the consideration of the jury, as in point.

Counsel alleges that at the former trial the same testimony was given, and then stricken because incompetent, and it is claimed that the district attorney, in offering the same testimony at the second trial, was

guilty of misconduct. Unless the court erred in permitting the witness to answer the question there is nothing for us to consider. Error cannot, in our judgment, be predicated upon the act of the district attorney in offering testimony.

The court limited the argument to one hour upon each side. The defendant at the time objected, and now objects, to the ruling. Many cases are cited which hold that counsel should have reasonable opportunity to discuss before the jury the facts of the case, and that if such right is curtailed, error is committed. We do not think the court erred in limiting the time of counsel to one hour. An hour's argument is ordinarily all the time required to fully present to the jury a complete and exhaustive argument if confined to the issues raised. There were but fifteen witnesses examined, and the bill of exceptions contains but about five hundred folios, in which is included instructions given and refused, motion for new trial and affidavits in support thereof as well as the exceptions and objections of counsel to the testimony. Moreover, the record contains the statement that upon the opening argument Judge Sales talked eighteen minutes, followed by Mr. Taylor, who talked forty-seven minutes, who was followed by Mr. Tanquary, who talked forty-eight minutes, making a total of time consumed by the defense of one hour and thirty-five minutes. Counsel were not interrupted by the court nor admonished to close.

The concluding objection in the brief is the alleged error of the court in refusing to direct a verdict of acquittal. The court did not err in submitting to the jury the question of the guilt or innocence of the accused. At least one witness identified the defendant as being present and participating in the robbery, and the case, in our opinion, should have been submitted to the jury.

Much of the argument of counsel is directed to the denunciation of the conduct of the police department of Denver in dealing with persons accused of crime, and with the methods of the department in dealing with the defendant and the witness Haenalt. It is said that these people were placed in jail and treated with great severity for the purpose of extorting from them a confession. The testimony concerning the alleged confession was stricken from the record upon motion, and until a record showing a confession obtained under circumstances which defendant claims to have existed in this case is presented, we are not called upon to scrutinize the conduct of the police department.

The assignments of error argued do not, in our opinion, show that the defendant has not been fairly tried, and we shall not disturb the judgment.

*Affirmed.*