## Edward M. Murray v. Charles U. Gordon et al.

## On Appeal of William D. Washburn et al., Appellants, v. Edward M. Murray, Appellee.

### Gen. No. 17,417.

1. MORTGAGES, § 88*—*when trust deed passes riparian rights.* Trust deed conveying lands bordering on Lake Michigan passes riparian rights with the title without designation in the conveyance.

2. MORTGAGES, § 437*—*necessary parties.* A bill to foreclose a trust deed executed on lands bordering on Lake Michigan, park commissioners to whom owner has conveyed riparian rights need not be made parties, when complainant does not insist on riparian rights.

3. MORTGAGES, § 491*—*when cross-bill demurrable.* On bill to foreclose and for taxes paid, a cross-bill praying the court to establish a dividing line between the land covered by the trust deed and the land added by accretion, *held* properly demurrable.

4. MORTGAGES, § 547*—*when foreclosure decree may allow for taxes paid on accretions.* On bill to foreclose, complainant *held* entitled to taxes paid by him on a portion of the land added by natural accretion subsequent to the mortgage.

5. RIPARIAN OWNERS, § 2*—*riparian rights.* Riparian rights consist of the right to hold all natural accretions to the shore lands and the right to pass to and from the waters within the width of the land.

Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 15, 1913.

FRANKLIN E. VAUGHAN, for appellants.

JOHN W. BURDETTE, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Edward M. Murray, appellee, as owner of certain notes secured by the trust deed described in the bill, obtained an ordinary decree in foreclosure against William D. Washburn and wife, appellants and owners

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

of the land, Charles U. Gordon and wife, the debtors, Chicago Title & Trust Company, and Northern Trust Company, trustee and successor in trust. The sums found due were $12,465.68, as debt, and $675, as solicitor's fees, no part of which is questioned on this appeal, except the items of taxes paid by appellee. The property, as described in the trust deed and in the bill, is lot 13, except the west one hundred feet thereof, in Simmons and Gordon's Addition to Chicago, the same being a subdivision of lots 10 and 19 and vacated street between them, in School Trustees' Subdivision of section 16, T. 40 N., R. 14 E. of the third principal meridian.

In their second amended answer, on which they relied for defense, appellants denied that appellee paid as taxes on said real estate the sum of $264.93, as averred in the bill, and alleged that the larger part of said taxes was paid by appellee on other and different property lying east of and adjacent to said property and that said lot 13 bordered on the waters of Lake Michigan and was vacant, unoccupied and unimproved land. The master in chancery upon those issues found that the property described in the deed of trust and in the bill was then known and taxed as lots 7, 8, 9 and 10 of County Clerk's Subdivision of lots 12 and 13 and lot 25, except the west five hundred and fifty feet thereof, together with the accretions thereto, in Simmons and Gordon's Addition to Chicago; that appellee paid said taxes on said property by said description; and that the property described in the tax receipts and certificates is the property described in the trust deed with its accretions. Objections to such findings were overruled by the master, and the court overruled exceptions to the master's rulings and found and decreed accordingly.

Appellants also filed a cross-bill setting forth, in substance, that the land immediately east of and adjacent to the land described in the trust deed was at the date thereof covered by the waters of Lake Mich-

igan and that the title thereto was vested in the State of Illinois; that by certain acts of the legislature of Illinois the title to said submerged land was vested in the Commissioners of Lincoln Park; that in September, 1906, by contract with the Commissioners of Lincoln Park and by a decree of the Circuit Court of Cook county in the case of Gordon and others against said Commissioners, under the authority of the said acts of the legislature, the east line of said lot 13 was established and permanently located a considerable distance east of the former location of said boundary line and that the title to said added land to said lot 13 became and is vested in appellant, William D. Washburn, and that this added land lies immediately east of the line extending from a point two hundred and three feet east of the S. W. corner of said lot 13 to a point two hundred and one feet east of the N. W. corner of said lot 13, and that said added land is one hundred and twenty-three feet long on the north line and one hundred and thirty-five feet long on its south line and of the same width of said lot 13, or two hundred and ten feet wide; that in consideration for the location of said new line said appellants deeded to said commissioners all riparian rights to said lot 13; that thereafter the county clerk of Cook county caused a subdivision to be made of said lot 13 and other lots, as increased by said added land, and a plot thereof to be recorded for assessment purposes and that said lot 13, except the west one hundred feet thereof, and its added land is now known on said plot as lots 7, 8, 9 and 10 of County Clerk's Subdivision of lots 12 and 13 and lot 25, except west five hundred and fifty feet thereof, together with accretions thereto, in Simmons and Gordon's Addition to Chicago, sec. 16, T. 40, R. 14; that said new land so acquired was not the land of appellant, William D. Washburn, at the execution of said trust deed and was not and is not covered by said deed, and was and is submerged land in Lake Michigan; that, therefore, the dividing line between the

land mortgaged and the added land should be established by the decree of the court; that by the terms of said decree establishing said new line it is provided that appellant, William D. Washburn, should have the right of taking from the bed of Lake Michigan immediately east of said line, in any way desired, a sufficient amount of sand to build up appellant's premises west of said line to the established grade required by the Chicago ordinances; that, therefore, some question arises by the pleadings as to whether or not the said deed of trust and the bill cover the riparian rights conveyed to said commissioners, and that no adjudication of said boundary line can be had until said commissioners, owners of the riparian rights, shall be made parties; that the land decreed to be sold herein should only include said original lot 13, except the west one hundred feet thereof and such accretions as may have been added up to the entry of the decree herein, and that said land should be properly described by metes and bounds.

The court sustained a demurrer to said cross-bill apparently upon the ground that the subject-matter thereof was not germane to that of the original bill. The same matters were afterwards set up in said second amended answer and the court sustained exceptions thereto and those matters were stricken from the answer as impertinent matters. On this appeal appellants ask for a reversal of the decree, insisting that the court erred in sustaining the demurrer and dismissing the cross-bill, in sustaining said exceptions, in including in the sum found due all of said taxes and in finding that the property described in the trust deed is now known as said lots 7, 8, 9 and 10, etc.

In the said County Clerk's Subdivision and plat, original lot 13, with its accretions or said added land on its east end, is now known as lots 12, 11, 10, 9, 8 and 7, all of which lots except lot 7 are fifty feet wide. Lot 7 is seventy-four feet wide on the north end and eighty-eight feet wide on the south end, and lies the

farthest east of all of said lots, and all of said lots are one hundred ten feet long north and south. Lots 12 and 11 include the west one hundred feet of said original lot 13 which was excepted from the trust deed. The contention of appellants is that the land described in the trust deed only includes said lots 10 and 9 and a strip off the west side of said lot 8 one foot wide at the north end and three feet wide at the south end, and that the remainder of said lot 8 and lot 7 which lie east of said newly established line are the property of appellants and free from the lien of said trust deed and that the said taxes thereon ought not to have been included in said sum found due appellee. All the evidence admissible to sustain the cross-bill and the matters expunged from the second amended answer were admissible and were given in evidence to prove appellants' averments in the said answer, and not expunged therefrom, alleging, in substance, that the payments of taxes on the newly added land in said lots 8 and 7 by appellee were voluntary on his part and unsolicited by appellant, and should not be included in the sum found due, because paid on no part of the land mortgaged. Waiving the question of whether or not the court on a mere question of pleading erred in sustaining appellee's demurrer or exceptions, the evidence in the record does not and would not support the cross-bill or the matters expunged from the answer had they been retained as part of the issues, and the decree of the court is, therefore, clearly right and it ought to be affirmed.

Appellee does not dispute the claim of appellants that the title to the submerged lands in the lake extending out to the line of navigation east of said original lot 13 was originally in the State and that the same was vested by the legislature in the Commissioners of Lincoln Park. That is a clearly established fact by the acts of the legislature and their title have been many times confirmed by the decisions of our Supreme Court. Hurd's Statutes of 1909, ch. 105, pp. 1594,

1609, secs. 81, 127, 128 (J. & A. ¶¶ 8097, 8099, 8100);
*Gordon v. Winston,* 181 Ill. 338; *Lincoln Park Com'rs
v. Fahrney,* 250 Ill. 256.

It is also true that said submerged lands were vested
in the park commissioners and their successors for the
benefit of the public as a part of Lincoln Park, and for
no other purposes whatever. They had no right to
convey or sell any part of the land so vested in them
to any one for private purposes. By said section 128
(J. & A. ¶ 8100) they had the right to acquire the ripa-
rian rights of the owners of the shore lands by contract
or by condemnation proceedings, and had the right
to have established and permanently located the
boundary line between the shore owners' lands and the
submerged lands. The newly established line between
said original lot 13 and the submerged lands adjacent
thereto was so established in the Circuit Court, ac-
cording to the statute in the said case of Gordon and
others against said Commissioners of Lincoln Park,
and appellants proved that fact by the introduction of
the decree in that case and the contract of the parties
to said decree made before the suit was begun. Ap-
pellant, William D. Washburn, was a party to said
contract and decree. By that contract he and the com-
missioners agreed upon the said line mentioned as the
true line between the said original lot 13 and the park
property, or the submerged land, and he and said com-
missioners represented to the Circuit Court in said suit
that they caused the question of said correct boundary
line to be examined by competent engineers and other
skilled persons, and after full examination had agreed
that the line so established as aforesaid is the line be-
tween said private land and the park land, and that it
ought to be so established by the court. The court
found that said allegations were true and decreed that
said boundary line should be the permanent boundary
line between said parcels of land and that the same
should not thereafter be changed by accretions or

erosions and confirmed the title in said lands west of said line in said Washburn and the title to the submerged lands east of said line in said commissioners. The decree further provided that said Washburn should have the right of drawing sand from the bed of the lake opposite his premises for the purpose of raising his land to the proper grade, and a plat of said lands and line was accordingly made and filed as a part of said decree. The surveyor, Emil Rudolph, and the County clerk of Cook county, who caused said plat for assessment purposes to be recorded, certify to that plat and that said lots 12, 11, 10, 9, 8 and 7 are a correct resurvey and plat of said original lot 13 with the accretions thereto. By said contract and decree appellants were bound to said commissioners and to all other parties to said decree. Having caused such records to be made, appellants ought to be estopped in equity to now say that appellee should not be entitled to pay said taxes on said lots 8 and 7 and to have a decree for the repayment of the same in view of the further facts that he failed to pay the taxes himself and by his said trust deed authorized and empowered appellee to pay the same and be reimbursed therefor by such a decree, even supposing that said lots are not in reality covered by said trust deed.

All the evidence, however, relied on by appellants and introduced by them shows that the said newly established line was the true line, that is, the water line, between said original lot 13 and the submerged lands of the said commissioners immediately east of said lot, and that the newly added land to said lot 13 that he claims to be free of the lien of the trust deed was, therefore, land added to said lot 13 by natural accretions up to and at the time said line was established. The trust deed then covered the land described in it with the accretions, and the same from thence until the decree in this case was shore land without ripe rian rights, which rights were conveyed by appellant ' deed to the commissioners, and by the decree

establishing said line, said lot 13 with its said accretions are to remain shore lands without riparian rights to the owners thereof, and are, therefore, not to be diminished or increased by erosions or accretions after said decree.    There is no evidence in the record showing that any part of appellants' land west of said established line was submerged land at the time said line was established, or at the date of the foreclosure decree.    Emil Rudolph, the surveyor who surveyed it for the county clerk, testified that at the time of his survey lots 8 and 7 of that survey were undoubtedly under water, but that he did not know that they were. The evidence also shows that the actual shore line has varied considerably from the year 1900 to May, 1910, but we do not regard these facts as of any consequence in the decision of this case.    Original lot 13 bordered on Lake Michigan when the trust deed was executed and appellants then were the owners of it with riparian rights.    Riparian rights pass by deed with the title to the land without designation in the conveyance, and, therefore, the trust deed conveyed to appellee the riparian rights of appellants in said lot.    *Illinois Cent. R. Co. v. Illinois,* 146 U. S. 387; *Hanford v. St. P. & D. R. Co.,* 43 Minn. 104.

The rights of a riparian owner of lands on Lake Michigan cannot be divested or taken from him without just compensation, and these rights consist of the right to hold all natural accretions to the shore lands and the right to pass to and from the waters of the lake within the width of his land.    *Revell v. People,* 177 Ill. 468.

Appellee, not being a party to fixing said permanent boundary line, had the right to assert riparian rights in said lot, even as against the Park Commissioners.    Appellants had no power or right to insist on his abandoning or asserting such rights.    Appellee chose to abide by the established line by the Circuit Court so established for the appellants and the commissioners, and to not insist on riparian rights, and,

therefore, the commissioners were not necessary parties to this suit in foreclosure. *Leiter v. Field,* 24 Ill. App. 123; *Culver v. Cougle,* 165 Ill. 417; *Walker v. Warner,* 179 Ill. 16.

Whatever of benefit, if anything, appellants received for the extinguishment of said riparian rights equitably belonged to appellee to be applied in satisfaction of said mortgage debt, as he elected to be bound by the establishment of said permanent boundary. There is, therefore, no merit in the claim of appellants that said lot 13, except the west one hundred feet thereof, does not extend to said permanently established boundary and that appellee has no lien thereon up to the fixed boundary. Neither the appellants nor any grantee of theirs has spent any sum in filling up the added land with sand for the purpose of improving or reclaiming the same from the waters of the lake, as was shown to be done in the case cited by appellants, *Point Breeze F. & I. Co. v. Bragaw,* 47 N. J. Eq. 298. As the permanent boundary line is already established and as no one else has any superior lien or claim to that of appellee in the land west of said line, and as the evidence of appellants upon which they rely to establish their cross-bill so shows, there is no occasion for a cross-bill or further answer to have established and defined the rights of appellee and appellants, which are simply those of ordinary mortgagees and mortgagors. The decree is, therefore, affirmed.

*Affirmed.*