### DETERMINED IN THE

# SUPREME COURT

### OF THE

# STATE OF COLORADO.

## APRIL TERM, 1896.

### HOLT ET AL. v. THE PEOPLE.

1. CONSTITUTIONAL LAW—PRELIMINARY EXAMINATION.

There is no constitutional requirement making a preliminary examination a prerequisite to a prosecution by information.

2. SAME—PROBABLE CAUSE.

It is not essential that the probable cause contemplated by section 7, article 2, of the constitution, be shown by the oath of an eyewitness.

3. SAME.

When an affidavit is made as the basis of an information in conformity with the requirements of the statute, it is not in the power of the accused to attack, by counter affidavit or otherwise, the truth of any of its material statements.

4. APPELLATE PRACTICE.

Unless the motion for separate trials and the affidavits in support thereof are properly in the record, the denial of such motion will not be considered upon review.

5. CONSTITUTIONAL LAW—CONCLUSION OF INFORMATION.

An information concluding "against the peace and dignity of the same people of the state of Colorado," is in substantial conformity with the requirement of the constitution that "all prosecutions shall be carried on in the name and by the authority of the people of the state of Colorado, and conclude against the peace and dignity of the same."

6. INFORMATION—MURDER.

It is sufficient in an information for murder of the first degree to charge
the offense in the language of the statute (Mills' An. Stats., sec. 1433).

*Error to the District Court of Las Animas County.*

WILLIAM HOLT and Deonicio Romero were tried and convicted in the district court of Las Animas county of murder of the first degree, and sentenced to suffer the death penalty. The prosecution was by information filed by leave of court and based upon the affidavit of Fred J. Radford, without any preliminary examination having been had or waived.   Upon this information *capiases* were duly issued and the defendants arrested.   Afterwards, by leave of court, the district attorney filed an amended information, verified by affidavit. Motions were made by defendants to quash the informations and *capiases* upon various grounds, which were overruled. Before trial, each of the defendants filed a motion for severance and for a separate trial, which were denied.   Motions for a new trial and arrest of judgment were also interposed and denied.

Mr. J. P. KEENEY and Mr. JOSEPH S. JAFFA, for plaintiffs in error.

THE ATTORNEY GENERAL, Mr. CALVIN E. REED and Mr. GEO. H. THORNE, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

The specifications of error principally relied on for reversal are : First, that the court erred in denying the defendants' motion to quash both the original and amended informations, on the ground that the defendants did not have or waive a preliminary examination ; second, that the affidavit upon which the information was based was not made by a person competent to testify as a witness to the alleged homicide, or by one who could testify to the facts therein stated from per-

sonal knowledge; third, in overruling defendants' motions
for separate trials; fourth, in overruling the motion in arrest
of judgment.

In support of the first proposition it is urged that the pro-
vision of the information act under which this prosecution
was had is in derogation of section 7, article 2 of our bill of
rights, which provides:

" No warrant to search any place or seize any person  *  *  *
shall issue without describing the  *  *  *  person  *  *  *  to be
seized,  *  *  *  nor without probable cause, supported by oath
or affirmation, reduced to writing."

While it is conceded in argument by counsel for plaintiffs
in error that the constitutionality of prosecutions by infor-
mation has been settled by the prior decisions of this court,
yet it is urged that the provision under which this prose-
cution was had is in derogation of said section, in that it
permits the filing of an information without a preliminary
examination, and that the affidavit therein prescribed does
not constitute probable cause.

We are not referred to any adjudged case that it is claimed
directly upholds this contention, but our attention has been
directed to some cases wherein courts have seemed to place
stress upon the fact that a preliminary examination had been
had in the case then under consideration, and which would
seem to indicate a doubt as to whether informations filed
without a commitment on such examination should be re-
garded as due process of law.   We have been unable to find
any case holding a preliminary examination a necessary pre-
requisite to the filing of the information, except in those
states in which, by constitution or statute, the right to file
an information is limited to cases where there has been such
an examination.   On the other hand, in the states wherein
no such limitation exists, it is uniformly held that a prelim-
inary examination is not essential, and that the acts which
permit the district attorney to file an information upon leave
of court do not contravene any constitutional requirement.
*State v. Anderson*, 30 La. Ann. 557; *State v. Brett*, 40 Pac.

Rep. 873 (Mont.); *State v. Sureties of Krohne*, 34 Pac. Rep.
3 (Wyo.); 1 Bish. Crim. Proc., 239a.

As was said in *State v. Anderson, supra:* "It has never
been supposed that a preliminary examination by a committ-
ing magistrate was an indispensable precursor to a prosecu-
tion either by indictment or information."   Mr. Bishop says:

"Except by force of some statutory provision not found
generally in our states, a preliminary examination is not nec-
essary; being a mere expedient to prevent the suspected
person from escaping, or for preserving the evidence, or keep-
ing the witnesses within control."

In *State v. Brett, supra*, it was urged that the prosecution,
being by information filed by leave of court, where there had
been no preliminary examination, was illegal and a violation
of the constitutional right of defendant.   Hunt, J., speaking
for the court, said:

"It is not necessary, in order to vest power in the county
attorney, to file an information that there shall be a prelim-
inary examination and commitment.   He may act, after leave
has been granted by the court, * * * where there may not
have been any charge or information before a committing
magistrate."

The statute of Wyoming provided that informations might
be filed after a preliminary examination, or whenever the
county and prosecuting attorney was satisfied that a crime
had been committed in his county.   The constitutionality of
this act was challenged in the case of *State v. Sureties of
Krohne, supra.*

Chief Justice Groesbeck, after discussing the cases bear-
ing upon the question, said:

"After a careful examination of the case, on the author-
ities presented, and on many we have found ourselves, we
come to the conclusion that the information, under the law
as it then was, could be filed by the prosecuting attorney
without a previous preliminary examination or judicial in-
quiry of the accused on a similar accusation, and that the law
authorizing such action was not unconstitutional and void."

If, as held in these decisions, and others that might be cited, the prosecution by information filed by leave of court, or as in the latter case by the county attorney, without leave, is due process of law, and violates no constitutional requirement, *a fortiori*, it can be said that none are denied when, as under our act, in addition to the leave of court, an affidavit showing probable cause is essential before a prosecution by information can be inaugurated, and when the requirements of section 7, article 2, of our bill of rights are as fully complied with by the filing of an affidavit in the district court, showing probable cause as the foundation for issuing the *capias*, as when filed before an examining magistrate. The evils suggested by counsel for plaintiff in error that might result from groundless and malicious prosecutions are no more to be apprehended under a system that requires the sanction of the district court for the filing of an information upon such affidavit than where the same is permitted to be done only after examination before a justice of the peace, since it guarantees that the existence of probable cause shall be judicially determined by an impartial tribunal, before a charge can be preferred.

But it is insisted that if the provision of the act under which the information was filed is constitutional, still the information is invalid and the court acquired no jurisdiction over defendants, for the reason that the affidavit upon which it was based is insufficient to constitute probable cause; and that the affiant, Fred J. Radford, not being present at the alleged homicide, and knowing nothing of the commission of the offense except from hearsay, could not truthfully swear that the facts therein stated were true of his own personal knowledge. The affidavit thus criticised charged the commission of the offense with much more particularity than was essential to show probable cause against the defendants, and contained the express statement that the affiant had personal knowledge of the commission of the offense.

By bill of exceptions, so much of Radford's testimony, taken on the trial, is presented as shows that he was not in

the town where the killing occurred until the Saturday following. It by no means follows from this fact alone that the affiant was not in possession of sufficient knowledge to enable him to swear that the offense had been committed, and that the defendants were probably guilty of perpetrating it.

To say that the probable cause contemplated in section 7, article 2, of our bill of rights, must be shown by the oath or affirmation of an eyewitness to the perpetration of an offense, or by one who has actual knowledge, from personal observation, of the commission of the crime, would preclude the people from legally prosecuting a large proportion of the crimes usually committed, and prevent the enforcement of the criminal law in all cases where resort must be had to circumstantial evidence, since the oath or affirmation required by this section of our bill of rights is an essential prerequisite to an arrest, whether a preliminary examination is to be had, or the warrant is to issue on an information. Nor are we prepared to say that when an affidavit is made in conformity to the requirements of the statute, that it is within the power of the accused to attack, by counter affidavits or otherwise, the truth of any of its essential statements. Certainly no authority for such a practice is found in the statute, and, in our opinion, ought not to be tolerated.

It is urged, as a further ground for reversal, that the court below erred in overruling the defendants' motions for separate trials. Since neither the motions nor affidavits in support thereof are properly in the record, we are precluded from considering this objection. And if we were at liberty to consider them as they appear copied into the record proper, it would be impossible to determine whether the court committed prejudical error in denying a severance, should it be held that the showing made was *prima facie* sufficient to entitle them, or either of them, to separate trials; since, in the absence of a bill of exceptions preserving the evidence introduced upon the trial, we are not advised whether the objectionable evidence was admitted, or that the defendants, or either of them, were in any way prejudiced by the court's action.

In support of the error assigned upon the overruling of the motion in arrest of judgment, it is urged that the information is insufficient in both form and substance;—in form because the amended information is not in conformity with section 30, article 6, of the constitution of this state, since it concludes against "the peace and dignity of the same people of the state of Colorado;" and in substance because it does not charge the defendants with the intent to kill or murder, or with the purpose to kill or murder the deceased.

We do not consider either of these positions tenable. Section 30, article 6, of the constitution, provides:

"All process shall run in the name of 'The People of the State of Colorado;' * * * and conclude, 'against the peace and dignity of the same.'"

The conclusion of the information in this case is in substantial conformity with this requirement. The word "same" as used in the foregoing provision means "the people of the state of Colorado," and these words are mere surplusage and may be disregarded. As was said in *Packer v. The People*, 8 Colo. 361:

"Such objections to the indictment in this case are without force, since the form complained of in no way prejudices the rights of plaintiff in error." *Anderson v. State*, 5 Ark. 444; *State v. Reakey*, 1 Mo. App. 3; *State v. Waters*, 1 Mo. App. 7; *State v. Pratt*, 44 Texas, 93; *State v. Anthony*, 1 McCord (S. C.), 285.

The further objection that the language of the information is not sufficient to sustain a conviction of murder of the first degree is answered by reference to section 1433, Mills' Annotated Statutes, and prior decisions of this court. This statute, *inter alia*, enacts that:

"It shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully and of his malice aforethought kill and murder the deceased."

The information, after setting out the manner in which, and the means by which, the killing was done, uses this language:

"And so the said * * * William Holt and Deonicio Romero, did in the manner and by the means aforesaid, feloniously, unlawfully, wilfully, deliberately and of their malice aforethought kill and murder him, the said John Solomon, contrary," etc.

In *Redus v. The People*, 10 Colo. 208, the indictment was challenged upon the ground that it did not aver that the killing was done with deliberation and premeditation. The court held that an indictment in the language of the statute was sufficient to sustain the conviction of murder of the first degree. Judge Helm, speaking for the court, said:

"But we believe that the language of this indictment is sufficient. The expression 'feloniously, wilfully and of his malice aforethought did kill and murder' states the *quo animo* of the slayer, as well as the fact of the homicide. It charges not only the specific intent of the slayer to take life, but also (accepting Lord Coke's definition above given) that the intent, together with the malevolence, was prepense—aforethought." *Garvey v. People*, 6 Colo. 559; *Packer v. People, supra; Jordan v. People*, 19 Colo. 417; *Hill v. People*, 1 Colo. 436.

Upon a careful review of the record presented we are unable to see wherein the plaintiffs in error have been denied the protection and benefit of any constitutional right, or wherein they have in any way been prejudiced by reason of the matters complained of. The evidence not being preserved in the record by a bill of exceptions, we must presume it was conclusive of their guilt. The sentence and judgment of the district court will therefore be affirmed, and an order will be entered of record appointing and designating the calendar week commencing June 21, 1896, as the week for carrying the judgment of the district court into effect, as the statute provides.

*Affirmed.*