[No. 4393.]

VICKERS v. THE PEOPLE.

1. Practice in Criminal Cases—Information—Verification.

Where an affidavit verifying an information is in conformity with the statute the truth of the allegation that affiant has personal knowledge of the commission of the offense cannot be attacked by a counter affidavit of affiant denying such personal knowledge.

2. Evidence—General Reputation.

Where a witness on direct examination qualified himself to testify as to the general reputation of defendant and testified that it was bad, and on cross-examination it was shown that the witness did not know defendant's general reputation in the community where defendant resided, that witness did not reside in the same neighborhood with defendant and had talked on the subject with only two persons that worked for him and one

neighbor, his testimony should have been stricken out and the jury directed not to consider it.

**3. Evidence—Violation of Rule by Witness—Competency.**

It is reversible error to refuse to permit a material witness to testify for defendant, because the witness violated the rule excluding witnesses from the courtroom, where it does not appear that defendant was in any way responsible for or consented to the presence of the witness in the courtroom during the trial.

*Error to the District Court of Teller County.*

Mr. JOHN A. RUSH, Mr. JAMES OWEN, Mr. GEORGE Q. RICHMOND, Mr. JOHN T. McNEELEY, Mr. JOHN R. SMITH and Mr. GEORGE A. H. FRASER, for plaintiff in error.

Mr. C. C. POST, attorney general, Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general and Mr. HENRY TROWBRIDGE, district attorney, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court.

An information duly verified by Joseph A. Tawney was filed in the district court within and for the county of Teller, charging that the defendant, on March 21, 1901, did make an assault upon the person of Peter Enzenauer with the intent then and there to kill and murder. A demurrer upon the ground that the information was not verified by a person having personal knowledge of the facts alleged in the information (the defendant not having had or waived a preliminary examination) was interposed, supported by the affidavit of Tawney. Tawney alleges in his affidavit that he is the person who verified the information and that he had no personal knowledge of the facts alleged in the information. The demurrer was overruled.

Upon the request of the defendant an order was made by the court excluding the witnesses from the

courtroom. Dr. James Green was called as a witness for the defendant. It appearing that the witness was in the courtroom for a period of fifteen or twenty minutes while witnesses were testifying, the court refused to permit him to testify. The defendant offered to show that the witness was regularly subpoenaed by the state, that he was informed by the district attorney that he would not be called by the prosecution, and that as soon as it was known that he was in the courtroom the attorneys for the defendant requested him to leave, and that he did then leave the courtroom. There was no showing made that the witness remained in the courtroom by procurement of the defendant. The offer of proof was that the witness dressed the wounds of the injured man and that certain contradictory statements were made by him to the witness.

The witness Burnside, residing at the town of Divide, was permitted to testify, over the objection of the defendant, concerning the general reputation of the defendant. Upon cross-examination it was shown that the defendant resided at the town of Balfour, thirty miles distant from the residence of the witness, and that the witness based his knowledge of the reputation of the defendant upon statements made to him by persons who claimed they resided at Balfour; that the witness had never been in Balfour and did not know where the persons with whom he had conversed resided.

The jury returned a verdict finding the defendant guilty.

The defendant brings the case here for review, alleging numerous errors. We shall consider those assignments only which allege that the court erred in overruling the demurrer, in refusing to permit the witness Green to testify, and in denying the motion to strike the testimony of the witness Burnside.

The demurrer was properly overruled. It was held in the recent case *Barr v. People,* 30 Colo. 522, citing *Holt v. People,* 23 Colo. 1, that when an affidavit is made as the basis of an information in conformity with the requirements of the statute, it is not in the power of the accused to attack, by counter-affidavit or otherwise, the truth of its material statements.

Although the witness Burnside qualified himself on the direct examination, upon cross-examination it was shown that he did not know the *general* reputation of the defendant in the community where the defendant resided at or about the time of the trial. Burnside did not reside in the same neighborhood with the defendant. In support of his statement that he knew the general reputation of the defendant and that it was bad, witness said, when asked how many persons he had talked with upon the subject of defendant's reputation: "Two that worked for him and one neighbor." The witness was clearly incompetent to testify to the general reputation of the defendant, and the proper practice required the testimony to be stricken upon motion and the jury instructed to disregard it.

The most serious error, and that which requires the reversal of the judgment, is found in the refusal of the court to permit the witness Green to testify. There was no showing that the defendant was instrumental in procuring the witness to remain in the courtroom, and nothing appears in the record which would justify us in holding that the court found that the defendant connived at the disobedience of the rule by the witness. We have recently held, quoting with approval a decision of the court of appeals, that: "The prevailing doctrine is that the violation of such an order by witnesses will not deprive the party, whose witness he is, of the benefit of his testimony,

if the party himself is without fault. But where the order has been disobeyed by the consent·or procurement of the party seeking to use the witness, the court may, in the exercise of a sound discretion, refuse to receive the testimony."—*Behrman v. Terry, ante*, p. 155. The defendant offered to show that as soon as counsel knew of the witness's presence in the courtroom he was requested to leave, and did then and there depart; and the court appeared to have refused to permit the witness to testify solely because of the violation of the rule, and not because it appeared that the defendant was in any way responsible for the witness's presence or consented to his remaining in the courtroom.

For the reasons given, the judgment is reversed.

*Reversed.*