## McDONALD v. JARKA CORPORATION.

### No. 408.

Circuit Court of Appeals, Second Circuit.

July 11, 1944.

Thomas A. McDonald, of New York City (Simone N. Gazan, of New York City, on the brief), for appellant.

George A. Garvey, of New York City, for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal by Rose McDonald, widow and administratrix of the estate of Frank McDonald, from a verdict and judgment for defendant in her action to recover damages for her husband's death. Frank McDonald was employed as a fire watcher by the West Side Iron Works, a company which on January 19, 1943, was engaged in making repairs to the steel deck of the steamship "Fisher Ames." On the morning of that day he was working on the 'tween deck of the ship with a coemployee who was welding pad eyes (metal rings to hold freight) to the deck with a torch. Since the heat of the welding would penetrate through the deck, it was McDonald's job to keep an asbestos shield directly under the welding point to protect the cargo. This work brought him in close proximity to the No. 2 hatch, into which employees of defendant, a stevedoring contractor, were loading cargo; and at approximately 11:40 A. M. he was seen on the 'tween deck near the hatch by one of defendant's employees of whom he asked the time. It was then raining. Some ten minutes later another of defendant's stevedores called down from the top deck to those who were working below to come up, since the hatch covers were to be replaced during the lunch hour, thus cutting off all light from the hold and the 'tween deck. No one saw the deceased on the 'tween deck at this time; but while the beams for the hatch covers were being set in place, his welding partner saw him on the top deck and told him to go back down for more welding, whereupon the deceased disappeared down an escape hatch into the

'tween deck again. This was the last time he was seen alive, for when the hatch covers were removed at 1 P. M., he was found lying dead at the bottom of the No. 2 hold. Although there was some testimony that it was customary and even compulsory for a fire watcher to carry a flashlight, none was found with the body, nor could anyone recall deceased's having been in possession of one.

■ Notwithstanding plaintiff's claim that defendant was legally negligent, it is clear that the question was for the jury. Defendant was not deceased's employer and owed him only the duty of acting reasonably towards him in the light of the circumstances of their mutual, but not joint, activities. There was evidence that if he remained at his post he would have heard the lunch call and warning to defendant's employees and observed the gradual loss of light during the 10 to 15 minutes required to place the beams and then the several hatch covers in position; in fact, his exact whereabouts when the hatch was closed can only be guessed at or inferred. Hence defendant cannot be held as a matter of law to have created knowingly a condition dangerous to the deceased. Cf. Hardie v. New York Harbor Dry Dock Corp., 2 Cir., 9 F.2d 545; Long v. Silver Line, 2 Cir., 48 F.2d 15; Ove Tysko v. Royal Mail Steam Packet Co., 9 Cir., 81 F. 2d 960.

■ Possibly somewhat more question arises with respect to the court's submission of the issue of contributory negligence to the jury; but with respect to this issue also, on the facts just recited, it appears to be a question of fact whether the deceased disregarded circumstances reasonably putting him on notice of the darkening of the space and his need of leaving through the escape hatch, which, indeed, he had just been using. Moreover, even though contested, the evidence tending to show use of a flashlight which would have afforded him protection was for the jury to evaluate. The situation differs markedly from the case plaintiff cites, Kennedy v. Cunard S. S. Co., 197 App.Div. 459, 189 N.Y.S. 402, where the Court of Appeals in affirming, 235 N.Y. 604, 139 N.E. 752, held a plaintiff not guilty of contributory negligence as a matter of law. There the plaintiff, a longshoreman, was suing his employer because his foreman had closed a hatch upon him as he delayed his leaving at quitting time in order to get his coat. Even in the Hardie case, supra, where this court affirmed dismissal, the action was against the employer.

■ The plaintiff further attacks the court's charge not only for this submission of the issue of contributory negligence to the jury, but also because, as she asserts, its effect was to place the burden of proof of contributory negligence on her. But we think the part relied on—a recapitulation of the issues to be decided in plaintiff's favor to justify recovery—would hardly have had that effect standing alone, and certainly could not have had it in view of the very complete later explanation that the burden of this issue was on the defendant. Nor was the statement that the absence of a flashlight "might or might not become very important in your deliberations" improper under the circumstances. And the charge that defendant was obliged to give warning only if it knew, or in the exercise of reasonable prudence should have had reason to believe, that deceased was on the 'tween deck when the hatches were being replaced was also justified. Moreover, plaintiff is not in a position to complain of the charge now, for not only did her counsel not object to it, but in response to the court's inquiry said that he thought his requests to charge had been covered "pretty well." In truth, his submitted requests had not suggested a substantially different theory of contributory negligence from that actually stated by the court to the jury. That the court during counsel's argument checked his statement that deceased "must be so oblivious of his own safety" (hardly an appropriate statement of the duty to use reasonable care) does not take away the need of objection, in order, as we have often pointed out, that the judge may clarify or correct his statement before the jury retires. Cf. United States v. Marino, 2 Cir., 141 F.2d 771, 773, and cases cited; Sweeney v. United Feature Syndicate, 2 Cir., 129 F.2d 904; Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719; Federal Rules of Civil Procedure, rule 51, 28 U.S.C.A. following section 723c.

Affirmed.