No. 17,767.

PEOPLE OF THE STATE OF COLORADO *v.*
JOSEPH M. READ, ET AL.
(288 P. [2d] 347)

Decided October 3, 1955.

Mr. DUKE W. DUNBAR, Attorney General, Mr. BERT M.
KEATING, District Attorney of the Second Judicial District, Mr. MAX D. MELVILLE, Assistant District Attorney,
for the People.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE people of the State of Colorado bring this action by writ of error to review the judgment of a justice of the peace of the City and County of Denver, entered by him in criminal cases pending before him in which Read and Gomez were charged with misdemeanors. The two cases are consolidated for disposition in this Court.

C.R.S. 1953, 39-7-27, provides inter alia, that:

"Writs of error shall lie on behalf of the state, or the people, to review decisions of the trial court in any criminal case upon question of law arising upon the trial, motions to quash, demurrers, pleas in bar, pleas in abatement, motions in arrest of judgment, or where a statute is declared unconstitutional."

The statute contains no limitation confining its operation to courts of record, and justifies review of proceedings before a justice of the peace by writ of error on application of the State.

In the justice court of the City and County of Denver a complaint was signed and sworn to by one W. E. Shanley in which it was alleged that John Joe Gomez committed an assault and battery on one Ethel Janis. On behalf of defendant a motion was filed to quash the capias and to discharge the defendant for two reasons:

1. That the State had failed to file against defendant either an information or a true bill returned by a Grand Jury; and,

2. "That the application for Writ of Capias no where alleges that the Complaining Witness has personal knowledge of the facts set forth therein."

In the other action before the justice of the peace, a complaint was signed and sworn to by one A. P. Spencer

in which it was alleged that Joseph M. Read with intent to defraud the Fontius Shoe Company delivered a check to said company without sufficient funds on deposit in the bank for the payment of same. A motion was filed on behalf of Read to quash the capias and to release defendant on the same grounds hereinabove set forth in connection with the case against Gomez. The justice of the peace considered both motions, and sustained them.

Questions to be Determined.

First: *Under the Colorado statute conferring jurisdiction on justices of the peace to hear and determine all cases involving offenses classed as misdemeanors, must the prosecution of all or any of such actions be had on an information filed by the district attorney?*

 This question is answered in the negative. Since 1861 Colorado law has provided for issuance, by a justice of the peace, of a warrant of arrest, "* * * upon oath or affirmation being made before him, that any persons have committed any criminal offense in this state, or that a criminal offense has been committed, and that the witnesses have just and reasonable grounds to suspect that such persons have committed the same. * * *" C.R.S. 1953, 39-2-3.

Also since 1861 Colorado law has provided that: "In all cases of assault, assault and battery, and affrays, any justice of the peace upon his knowledge, or upon the oath of any competent person, may issue his warrant * * *." C.R.S. 1953, 79-15-2. Thus at a very early date precedent was established for the prosecution of misdemeanors on the warrant issued upon the oath, or verified complaint, of any competent person.

 In 1923 the Colorado legislature enacted a statute, the pertinent portion of which is that, "* * * in all such cases of misdemeanors the justice of the peace in the county in which the offense is committed, upon complaint being made as required by law [that is, upon oath or affirmation] shall issue a warrant * * *, and upon the arrest of such person the justice of the peace

before whom such person is brought for trial shall hear and determine the cause * * *." C.R.S. 1953, 79-15-3. There is nothing in this enactment to indicate that the charging procedure should be any different than that prescribed in 1861 in the case of assaults and other misdemeanors over which the justice of the peace had jurisdiction. The statute of 1923 made no reference to "informations" or to the intervention of the district attorney as a necessary participant in cases arising under the enlarged jurisdiction conferred upon a justice of the peace. It is a matter of common knowledge that all offenses, over which a justice of the peace had jurisdiction prior to the 1923 Act, were prosecuted upon the complaint of an individual made "upon oath or affirmation" before the justice of the peace upon the filing of which the warrant issued. It must be presumed that the legislature knew the well-established practice and when it extended the jurisdiction of the justice of the peace to include all misdemeanors it contemplated no change in the established charging procedures. Had the legislature intended to change the practice and require that cases arising under the extended powers could only be initiated by information filed by and in the name of the district attorney, it would have been a simple matter to have written such a change into the law.

The statute of limitations, C.R.S. 1953, 39-1-3, governing criminal offenses classed as misdemeanors, makes specific use of the words "indictments," "information," and "complaint" and by use of the word "complaint" we are satisfied that the legislature had reference to prosecutions before a justice of the peace upon the "complaint" of an individual, and not upon an "information" filed by and in the name of the district attorney.

Second: *Is it essential to the validity of a complaint charging a misdemeanor before a justice of the peace, that said complaint should contain a statement that he who signs it upon oath is a competent witness, or that*

*the complainant has personal knowledge of the facts charged?*

■ This question is answered in the negative. Despite the language of C.R.S. 1953, 39-5-1, as to "competency" as a witness of one verifying a criminal information, and of 39-4-2 relating to the verification thereof "upon the personal knowledge" of the affiant, this Court previously has held that it is unnecessary that the oath specify that the affiant is a competent witness, his competency being presumed until the contrary appears. *Walt v. People,* 46 Colo. 136, 104 Pac. 89; and it further has been held by this Court that it is unnecessary for the affiant to have actual knowledge, from personal observation, of the commission of the crime. *Holt v. People,* 23 Colo. 1, 45 Pac. 374.

We see no reason why competency of affiant as a witness, or personal knowledge from observation of facts alleged, should be required in testing the validity of a "complaint" before a justice of the peace, when neither element is a proper test in determining the sufficiency of an information filed by the district attorney.

The judgments are reversed and the causes remanded with directions to overrule the motions; reinstate the complaint; and proceed to final adjudication upon the issues raised by plea.