No. 19,578.

RAUL LEOPOLDO CRUZ *v.* THE PEOPLE OF THE STATE OF COLORADO.

(368 P. [2d] 774)

Decided February 5, 1962.    Rehearing denied February 26, 1962.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

RAUL LEOPOLDO CRUZ, who will hereinafter be referred to by name or as the defendant, his two brothers, Cornelius Cruz and Thomas Cruz, and one Edward Vigil, were jointly charged with aggravated robbery and conspiracy to commit the same. Cornelius Cruz was tried separately, convicted of aggravated robbery and sentenced to the state penitentiary, which conviction was

affirmed on writ of error to this Court. *Cruz v. People,* 147 Colo. 528, 364 P. (2d) 561.

Raul Cruz, Thomas Cruz and Edward Vigil were tried jointly and each was adjudged guilty of both aggravated robbery and conspiracy, and all were sentenced to the state penitentiary. By the present writ of error Raul Cruz alone seeks reversal of the judgment and sentence.

In his motion for new trial Raul Cruz states that the trial court committed error in the following manner: (1) the verdict was "contrary to the law and evidence"; (2) the trial court erred: (a) in refusing to grant a mistrial because of a prejudicial incident which occurred during the voir dire examination of the jury; (b) in refusing to declare a mistrial for the alleged violation of the "exclusion rule" by certain of the People's witnesses; and (c) in refusing to instruct the jury that the testimony of Thomas Cruz should be viewed with caution and care, inasmuch as he was a codefendant and an alleged accomplice.

The evidence in the instant case pertaining to the *corpus delicti* parallels and for all practical purposes is identical with that adduced at the trial of the one defendant, Cornelius Cruz. Since a complete recital of such evidence is contained in *Cruz v. People,* supra, no good purpose would be served by a repetition thereof.

Raul Cruz' first assignment of error is identical with the first ground urged in his motion for a new trial, i.e. "the verdict was contrary to the law and the evidence." Such a general allegation is defective as to form, and such assignment being improperly presented ordinarily need not be considered on its merits. See *Perry v. People,* 116 Colo. 440, 181 P. (2d) 439.

However, even if Cruz' argument in support of this assignment be considered on its merits, an examination of the transcript of testimony quickly reveals that said assignment is in fact without substance. In this connection Raul Cruz contends that there is no evidence

tying him into the robbery. However, in addition to the highly incriminating circumstantial evidence recited in *Cruz v. People,* supra, the People's witnesses Krupa, Ekler, Ranum, Reichert and Wilkerson in the present case identified Raul Cruz as being one of two gunmen who entered the Lake Shore Super Market on February 28, 1959, and at gunpoint took $4,400 from the store manager. True, not all of these witnesses were absolutely certain beyond all doubt of their identification of this defendant, although several did identify him without equivocation. Suffice it to say that there is ample evidence connecting Raul Cruz with the holdup and to support the verdict of the jury that he was guilty of aggravated robbery and conspiracy.

■ Defendant next suggests that the trial court erred in its refusal to declare a mistrial because of an incident which occurred on voir dire examination of prospective jurors. At this joint trial, each of the defendants was represented by separate counsel. Counsel for Vigil in his voir dire examination inquired of several prospective jurors as to possible bias against persons of Spanish-American ancestry. He then asked one particular juror whether she could evaluate the testimony of the complaining witness, Krupa, "on the same basis" as she would the testimony of any other witness. This juror indicated she could not so do, and volunteered that she was a "little prejudiced" against Spanish-Americans because of an incident wherein several boys with that racial background broke some windows in her church. This juror was promptly challenged for cause, the challenge sustained and the juror excused from service. All defendants in the absence of the jury panel then moved for a mistrial, which motion was denied. The granting or denying of a motion of this character is a matter lying within the sound discretion of the trial judge. Being on the scene, he is in a much better position than an appellate Court to correctly evaluate the situation.

Counsel for defendants had themselves been inquiring as to possible racial prejudice, and a prospective juror who quite candidly stated that she was so prejudiced was promptly excused. However, close examination of the record does not disclose any such emotional outburst of an inflammatory nature which under any stretch of the imagination could conceivably have poisoned the minds of the other jurors to the end that a mistrial became necessary. Accordingly, the trial court did not err in denying the request for a mistrial.

Defendant next urges that the trial court committed error in denying a subsequent request for a mistrial after it became evident that the district attorney and certain of his witnesses had allegedly violated the "exclusion rule" invoked by the trial court at the outset of the trial. The trial court upon request had ordered all witnesses to remain outside the courtroom proper until called to testify, and cautioned them "not to discuss this case among yourselves." However, the trial court additionally stated that the People's witnesses "may talk to the district attorney's office." This exclusion order was apparently entirely satisfactory to all concerned, at least this defendant voiced no protest to the scope of the court's order. Thereafter, upon cross-examination of the witness Wilkerson, it developed that during the course of the trial several of the People's witnesses were interviewed by the district attorney on apparently more than one occasion in what is referred to as "round table" fashion. The record as made is sketchy and completely lacking in any detail as to what transpired at these conferences.

It is conceded that the exclusion order did not preclude the district attorney from re-interviewing his witnesses before each was called to testify. But it is here argued that such must be done on an individual basis and that the rule as entered by the trial court was violated when the district attorney interviewed several

witnesses in a group at one conference, and that under such circumstances the trial court erred in refusing to grant defendant's motion for a mistrial. No authority is cited in support of the contention that if there in fact be a violation of the exclusion rule a mistrial is the proper penalty, and it is indeed difficult to perceive just how a mistrial would remedy the mischief, if any, resulting from this alleged violation. The long standing rule followed by this Court is that even though there be an intentional violation of an exclusion order, it is still within the sound discretion of the trial court to permit the offending witness to testify, and we know of no instance where a mistrial has been approved as a proper penalty for such violation.

Be that as it may, the particular exclusion order with which we are here concerned did not specifically prohibit the district attorney from interviewing several witnesses at one time and place. The record as made in this regard fails to disclose any malevolent intent on the part of the district attorney to violate or circumvent either the letter or the spirit of the court's exclusion order. Under these circumstances the trial court did not commit error in denying the request for a mistrial. In summary, whether the exclusion rule is in the first instance to be invoked, and, if invoked, what constitutes a violation thereof, and even if it be determined that there was a violation, what penalty should then be imposed, are all matters resting in the sound discretion of the trial court. On the record before it the trial court did not abuse its discretion when it determined that the violation of its order, if any, was not of such a nature as would necessitate a mistrial. See *Kelly v. People,* 17 Colo. 130, 29 Pac. 805; *Vickers v. People,* 31 Colo. 491, 73 Pac. 485; *Warren v. People,* 121 Colo. 118, 213 P. (2d) 381; and *Roll v. People,* 132 Colo. 1, 284 P. (2d) 665, and 53 Am. Jur. pages 46-48.

Defendant also assigns as error the failure of the

trial court to instruct the jury that the testimony of an accomplice is to be received with great caution. Neither Raul Cruz nor Vigil elected to testify at the trial. However, Thomas Cruz did testify and needless to say he denied any participation in, or knowledge of, this robbery. However, his testimony in nowise tended to incriminate Raul Cruz and was in fact exculpatory in nature. Upon trial defendant had no objection to the instructions as given by the court, nor did he tender any instruction of the type now urged. Having offered no instruction as to the manner in which the testimony of an accomplice is to be considered by a jury, this assignment is procedurally defective. Even had he tendered such an instruction, the trial court under the circumstances should properly have refused it. An instruction concerning the manner in which the testimony of an accomplice is to be considered by a jury is not proper where the accomplice is a codefendant testifying in his own behalf and his testimony as it pertains to the other defendants is exculpatory in nature.

The judgment is affirmed.