Mr. Chief Justice Pringle
delivered the opinion of the Court.
Raul Leopoldo Cruz was convicted in 1959 of robbery and conspiracy to commit robbery, and was sentenced to the state penitentiary. Thereafter, he brought writ of error, pro se, to this Court. On February 6, 1962, the judgment was affirmed in Cruz v. People, 149 Colo. 187, 368 P.2d 774.
*212 In February of 1965, Cruz filed a petition for habeas corpus, contending that he had been denied counsel on appeal. In accordance with our practice since Ruark v. Colorado, 378 U.S. 585, 84 S.Ct. 1935, 12 L.Ed.2d 1042, we denied the petition for habeas corpus, but ordered the trial court in the main case to appoint counsel for Cruz. Counsel was ordered to examine the entire record for the purpose of determining whether any reversible error occurred during the trial which was not presented to this Court on the former appeal; and, if such error did occur, to file a brief in support of his position. Counsel was further directed to examine the briefs and the opinion of the Court to determine if the matters were adequately presented to this Court; and if, in his opinion they were not, to file a brief supplemental to the pro se brief. In the event counsel found no additional points of error which could have been raised, and that the points raised in the original writ of error were adequately considered, we directed him to so report.
In response to our order that defendant be afforded counsel, the trial court appointed one Don B. Oliver, a highly competent and experienced lawyer with many years of experience in the trial of criminal cases. In a 7 page brief, supplemented by a 6 page appendix, listing and analyzing authorities, counsel reported to us that he examined the record, including the complete transcript of the evidence; the briefs, and the cases cited therein; and that he consulted each of the three attorneys who appeared in the trial of the case. His conclusion, after such study, is that all error or alleged error was adequately covered by the opinion of this Court and that there are no grounds of error other than those presented to this Court on the original writ of error and covered by the Court in its opinion. In his opinion, no further consideration of the points raised is required.
The matter having been presented to us in this light by the brief of the able and experienced lawyer appointed by the trial court, we now adhere to the deci *213 sion as reported in Cruz v. People, supra. For the reasons which are discussed fully in Stanmore v. People, 157 Colo. 207, 401 P.2d 829, decided by us this day, under the same circumstances as exist here, we decline to appoint other counsel in this case and we reaffirm our previous judgment in this matter.