No. 20997.

JAMES N. SCHEER *v.* HELEN CROMWELL.
(407 P.2d 344)

Decided November 8, 1965.

HAROLD J. HEAFER, for plaintiff in error.

TILLY & SKELTON, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

THE parties to this action appear in the same order as in the trial court, and we will refer to them in this opinion as plaintiff and defendant or by name.

Scheer brought an action against Cromwell, alleging that Cromwell's negligence was the proximate cause of an accident in which he suffered a "whip lash" type of injury to his neck. He prayed for damages in the amount of $12,500. Cromwell denied plaintiff's allegations. She also pled two affirmative defenses. A trial was had to a jury which returned a verdict for Scheer in the amount of $95.

A motion for a new trial was dispensed with, and Scheer now brings writ of error seeking a new trial solely on the issue of damages.

Since Cromwell makes no cross-assignment of error to the jury's determination on the question of liability, we are not concerned with the intricate details of the collision. It is sufficient to note that the Scheer vehicle, which was stopped in a line of traffic awaiting a stop sign, was struck in the rear by the Cromwell car. Mrs. Cromwell testified that she was unable to stop due to the rough and chuckholed condition of the street.

Plaintiff alleges two grounds for reversal, both deal-

ing with the giving of instructions which he contends were erroneous and misleading. He contends further that the giving of these instructions constituted such manifest error as to require this Court to order a new trial solely on the issue of damages even though no objections to the instructions as given appear in the record before us.

Rule 51, R.C.P. Colo. requires that:

"* * * All instructions shall be submitted to the parties who shall make all objections thereto before they are given to the jury. *Only the grounds so specified shall be considered on motion for a new trial or on writ of error * * *.*" (Emphasis supplied.)

It is conceded by the plaintiff that the record before us does not reflect any objections to instructions at the time of trial. Furthermore, there is no indication in the record that plaintiff made any reference to his concern about the instructions to the trial court at the time of the reception of the verdict when the infirmities of which he complains should have become perfectly evident to him.

The "contemporaneous objection" rule has a salutary purpose in the orderly administration of justice. Its principle is to enable trial judges to clarify or correct misleading or erroneous instructions before they are given to a jury, and thereby prevent costly retrials necessitated by obvious and prejudicial error. *McDonald v. Jarka Corp.,* 144 F.2d 53 (2nd Cir. 1944); *U. S. v. Monroe,* 164 F.2d 471 (2nd Cir. 1947). The United States Supreme Court has acknowledged the value of the "contemporaneous objection" rule by recognizing it as an adequate state ground which prevents review of a constitutional question by that Court. Counsel has the duty to examine the instructions, and his failure to detect errors and call the trial court's attention to them ordinarily operates as a waiver of the objection. *Gilligan v. Blakesly,* 93 Colo. 370, 26 P.2d 808.

It is true that we have in rare instances noticed

manifest error raised for the first time on writ of error. But those situations are, as we have said, rare. We will not apply it to circumstances such as are present in this case where we are favored only with selected portions of the transcript, which in themselves show conflict in the testimony and from which we cannot say, as a matter of law, that the jury was led astray. We therefore decline to pass upon the questions raised by this writ of error.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.