No. 19578.

RAUL LEOPOLDO CRUZ *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(442 P.2d 416)

Decided June 17, 1968.    Rehearing denied July 15, 1968.

RICHARD J. BERNICK, MICHAEL BENDER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error will be referred to as the defendant. He was tried jointly with Thomas Cruz and Edward Vigil and all three were found guilty of aggravated robbery and conspiracy and were sentenced to the state penitentiary. The robbery involved in the case took place on February 28, 1959, and the trial was concluded in August of that year.

On two prior occasions the defendant has presented this case to this court on writs of error. *Cruz v. People,* 149 Colo. 187, 368 P.2d 774, and *Cruz v. People,* 157 Colo. 211, 401 P.2d 830. The facts involved and the participation of the defendant in the commission of the crimes fully appear in the opinions to which reference is made. They will not be repeated here.

Following the announcement of this court's opinion in the case last cited (*Cruz v. People,* 157 Colo. 211, 401 P.2d 830) proceedings were commenced in the District Court of the United States which resulted in an order by the federal court that an attorney be appointed to represent the defendant in a second review of the trial record. *Cruz v. Patterson,* 253 F. Supp. 805. Counsel was appointed as directed. He sets forth five alleged grounds for reversal of the judgment entered against the defendant in 1959.

Three of the points argued by counsel are essentially the same as those presented by the defendant appearing pro se in *Cruz v. People,* 149 Colo. 187, 368 P.2d 774.

They were treated adequately and correctly in that opinion and nothing contained in the brief of counsel now appearing for defendant requires extended comment. These points relied on as error related to (1) the refusal of the trial court to grant a mistrial based upon a response of a juror on voir dire; (2) the refusal of the court to order a mistrial for a claimed violation of the rule requiring a witness to be excluded from the courtroom; and (3) the failure of the trial court to instruct the jury on the credibility of the testimony of an accomplice.

■ A point, not heretofore argued and presently relied on as constituting error, is that the court erred in permitting a witness to testify to a statement made by Cornelius Cruz — another named defendant who was tried alone — in the presence of the defendants Thomas Cruz and Edward Vigil. The point now argued is that this testimony was hearsay. The statement attributed to Cornelius was: "If you turn my two brothers loose, Eddy Vigil and I will plead guilty to the robbery"; and, that he continued with the statement, "I put the men in the cooler, I got the money from the safe. We parked our car, a Mercury car, along side the building." Nothing in the statement attributed to Cornelius in any manner implicated the defendant. The only objection to the statement was made by counsel for Eddie Vigil, and that objection was not made on the ground of hearsay evidence. Counsel for the defendant made no objection to the admissibility of the evidence. No mention whatever is made of the statement in the motion for a new trial. The point is raised for the first time by counsel for the defendant on this, the second review of the full record.

We quote from *Lucero v. People*, 158 Colo. 568, 409 P.2d 278, as follows:

"As we have pointed out in numerous prior decisions, the 'contemporaneous objection' rule and the requirement that error be preserved by raising the objection

with particularity in the motion for a new trial have a salutary purpose in the orderly administration of justice in this state. These rules have often been recognized by the United States Supreme Court as adequate state grounds which prevent review of a constitutional question by that court. As late as last week, this Court reiterated its firm position that ordinarily only such matters as are preserved for review will be considered by us. See *Brown and Glymph v. People,* [158 Colo. 561, 408 P.2d 981] decided December 13, 1965. See also *Scheer v. Cromwell,* [158 Colo. 427, 407 P.2d 344] decided November 8, 1965."

The other point now relied on for reversal, which has not heretofore been considered, is that the trial court erred in admitting evidence seized in the house in which the defendant was arrested. The claim is now made for the first time that the guns, hats, coats, coins, currency, money wrappers, tags and coupons received in evidence were the fruits of an illegal search and seizure under the rule announced in *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081.

There is a great difference between the facts here presented and those disclosed by the opinion in *Mapp.* The rule announced in that case is not applicable to the instant case. Moreover, no objection was made to any of the exhibits at the trial; no attempt was ever made to suppress the evidence which, it is now claimed, was illegally seized; and the motion for a new trial is silent with regard thereto. The guilt of the defendant was overwhelmingly established. He had a fair trial.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE HODGES concur.