## No. C-413

## Margurett Polster v. Griff's of America, Inc., a Missouri corporation
### (520 P.2d 745)

Decided April 8, 1974.

Walton, Tammen & Hudson, Norman E. Walton, for petitioner.

Sheldon, Bayer, McLean & Glasman, Richard H. Glasman, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioner recovered judgment against respondent in the district court of El Paso County for personal injuries suffered as a result of a slip-and-fall accident. The Court of Appeals reversed in *Polster v. Griff's of America, Inc.,* 32 Colo. App. 264, 514 P.2d 80. Certiorari was granted to review the decision of the Court of Appeals. We reverse.

The facts of the accident are detailed in the opinion of the Court of Appeals. In brief summary the petitioner's evidence showed that she suffered injuries to her head and neck when

she slipped and fell on a snow-covered concrete incline leading from respondent's place of business.

The basis for reversal of the trial court's decision concerned the evidentiary rule applicable in negligence cases barring "subsequent curative acts." A statement by respondent's employee, made immediately after petitioner's fall and relating to the condition of the premises where the fall took place, was admitted into evidence.

The frame of reference in which the testimony was presented was as follows:

Petitioner testified that immediately after her fall, another customer asked her if she was hurt, to which objection was made. The trial court overruled the objection and permitted this testimony as a part of the *res gestae.* As petitioner resumed her testimony concerning the events of the fall, another objection was made to the responsiveness of her answer. This objection was properly overruled. She then testified that while she was still lying on the ground two of respondent's employees came to her assistance. One employee said to the other: "Go to 7-Eleven and get some salt and put on this and get a broom and sweep it." No objection was made to this testimony.

Respondent for the first time claimed prejudicial error in its motion for new trial, because of the admission of this testimony, as follows:

"That statements made to the plaintiff were admitted into evidence improperly allegedly as a part of the *res gestae* when there was no showing [of] any foundation for the basis of these statements or the authority of the person to make them. These statements pertained to conduct of the defendant following the fall and the inference of negligence was created regarding the placing of salt in the vicinity where the plaintiff fell."

The motion for new trial was denied.

The Court of Appeals initially reversed the trial court, holding that the admission of such statements violated the curative acts rule of evidence. On rehearing, however, it modified its opinion and held that the evidence was

admissible as a part of the *res gestae;* and that, while it was not admissible as an admission of negligence on the part of the respondent, it was competent and relevant for the limited purpose of showing the condition of the premises at the time of the accident. The Court was of the further opinion that since the evidence was admissible only for this limited purpose, it was reversible error for the trial court not to give a cautionary instruction to the jury, advising it of the limited purpose of the evidence. As noted before, no objection was made at trial to this testimony. No cautionary instruction was requested at the time the testimony was given, nor was one requested of or tendered to the trial court at the time of the jury charge. The failure to give a cautionary instruction was not urged as error in respondent's motion for new trial.

Further, respondent did not raise the issue in its brief or argument on appeal. It is clear that the Court of Appeals *sua sponte* raised the issue on rehearing and determined that the failure to give the cautionary instruction limiting the jury's consideration of the evidence was plain error. C.A.R. 1(d). We disagree.

█ While we agree with the holding of the Court of Appeals that the general rule renders evidence as to curative acts after an accident inadmissible to establish negligence (*Barnes v. Safeway Stores,* 30 Colo. App. 281, 493 P.2d 687; *Diamond Rubber Co. v. Harryman,* 41 Colo. 415, 92 P. 922), as that Court noted, there are several exceptions to the rule. *See Annot.* 64 A.L.R. 2d 1296. The Court properly ruled that the exception applicable to the facts in this case was that which permits such evidence to establish the condition of the premises at the time of the accident. It does not follow, however, that the admission of such evidence generally without objection, which is competent and relevant for a limited purpose only, will require reversal because the trial court did not on its own initiative note the limitation on the reception of the evidence and specifically instruct the jury of its limited purpose.

█ It is a fundamental rule of trial practice, long established in Colorado, that when evidence is admissible for

one purpose and not another, the burden is upon counsel opposing the admission of the evidence to object and request limitations on its admission. *Young v. Bank,* 148 Colo. 104, 365 P.2d 701; *Davis v. Bonebrake,* 135 Colo. 506, 313 P.2d 982; *McAllister v. McAllister,* 72 Colo. 28, 209 P. 788; *Grimes v. Greenblatt,* 47 Colo. 495, 107 P. 1111; *San Miguel C.G.M. Co. v. Bonner,* 33 Colo. 207, 79 P. 1025; *Town of Meeker v. Fairfield,* 25 Colo. App. 187, 136 P. 471. In *Davis v. Bonebrake, supra,* we noted the rule with approval, as set forth in *Eizerman v. Behn,* 9 Ill. App. 2d 263, 132 N.E.2d 788:

" 'It is a well-settled rule of law that evidence which is competent for one purpose does not become incompetent because the jury might improperly consider it in some other capacity for which it could not properly be admitted. The opponent of the evidence may, if he so wishes, ask for an instruction confining the evidence to its legitimate sphere; and if he fails to so act, he is deemed to have waived any objection he may have.' "

See also *Daggett v. Atchison T. & S. F. Ry. Co.,* 48 Cal. 2d 655, 313 P.2d 557, 64 A.L.R.2d 1283; *State v. DeZeler,* 230 Minn. 39, 41 N.W.2d 313, 15 A.L.R.2d 1137; *Yuin v. Hilton,* 165 Ohio St. 164, 59 Ohio Op. 219, 134 N.E.2d 719, 57 A.L.R. 2d 681; *C. McCormick, Law of Evidence* § 59; *J. Wigmore, Evidence* § 13 (3d ed.); 88 C.J.S. *Trial,* § 131; 29 Am. Jur. 2d *Evidence* § § 262, 263.

■ Generally speaking, the trial court has no duty to question each piece of evidence offered, or to advise the jury of its particular applicability to the case. It should not assume the role of advocate and on its own motion, without request therefor, limit, comment upon, qualify, or strike evidence offered by the parties. These are the basic functions of trial counsel in our adversary system of justice and underlie the rationale of the contemporaneous objection rule which has so often been observed by our Court as a salutary requirement for the orderly administration of justice. *Ross v. Colo. Natl. Bank,* 170 Colo. 436, 463 P.2d 882; *Cruz v. People,* 166 Colo. 168, 442 P.2d 416; *Lucero v. People,* 158

Colo. 568, 409 P.2d 278; *Scheer v. Cromwell,* 158 Colo. 427, 407 P.2d 344. It is by the operation of this rule that the trial judge is alerted to evidentiary irregularities and enabled to control the trial proceedings, thereby avoiding obvious prejudicial error, reversals on appeal, and costly retrials. The posture of the present case suggests the merit of the rule.

Respondent argues in support of the reversal by the Court of Appeals that the failure to limit the purpose for which the evidence was received and to so instruct the jury violates the general duty of the court to properly instruct a jury in all cases. We quite agree that the trial court should fully and accurately instruct the jury on the law governing all of the issues of the case. *Davis v. Cline,* 177 Colo. 204, 493 P.2d 362; *Callaham v. Slavsky,* 153 Colo. 291, 385 P.2d 674; *Shirley v. Merritt,* 147 Colo. 301, 364 P.2d 192. The Court of Appeals in reviewing the jury charge given in the present case, to which error had been assigned, found that the jury had been properly instructed on the law governing the case. Thus the trial court fulfilled its duty in this regard. The omitted instruction of which respondent complains involves only a rule of evidence and does not stand on the same footing as the instructions of law concerning the issues of the case. We regard this argument as inappropriate and without merit.

We do not regard as plain error the failure of the trial court on its own initiative to limit the reception into evidence of the statement made by respondent's employee. The right and duty of an appellate court to notice error on appeal and to reverse under C.A.R. 1(d) has generally been applied to those situations where the error could be characterized as "fundamental" or where it is the cause of a "miscarriage of justice." *Bynon v. Morrison & Morrison,* 169 Colo. 384, 456 P.2d 747; *Hoggard v. Gen'l. Rose Hosp.,* 160 Colo. 459, 420 P.2d 144; *Kendall v. Hargrave,* 142 Colo. 120, 349 P.2d 993; *Neilson v. Bowles,* 124 Colo. 274, 236 P.2d 286.

In consideration of the entire record of evidence concerning the happening of the accident, which the Court of

Appeals concluded established a prima facie case of liability sufficient for a jury's determination, we deem it speculative to suggest that the result of the litigation might have been otherwise had the trial court given a limiting instruction. We simply do not conceive of the absence of the limiting instruction as fundamental error resulting in an injustice to respondent.

The Court of Appeals opinion indicates that there were "other numerous contentions of error" that were not determined in view of its disposition of the case on the evidentiary issue. It is necessary, therefore, that the case be remanded to the Court of Appeals for determination of those issues.

The judgment is reversed and the cause remanded for further proceedings consonant with the views herein expressed.

MR. JUSTICE DAY does not participate.