**In the Matter of the claim of Edsel H. WARD, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) and the Colorado Department of Highways, Respondents.**

**No. 79CA0348.**

Colorado Court of Appeals, Div. II.

May 22, 1980.

Gail E. Shields, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, David Aschkinasi, Asst. Attys. Gen., Denver, for respondents.

KIRSHBAUM, Judge.

Petitioner seeks review of an order of the Industrial Commission disqualifying him from the receipt of unemployment compensation benefits. The commission determined that claimant was disqualified from receipt of unemployment benefits for a period of six weeks pursuant to "Chapter 8–73–108(6)" of the Colorado Employment Security Act. Noting plain error, we set aside the order.

Petitioner was terminated from his employment on February 28, 1978. On April 6, 1978, the deputy director of the division of employment concluded that claimant was "disqualified from receipt of benefits for a period of 12 weeks . . . under the provisions of Chapter [sic] 8–73–108(6)(b)(VIII), Colorado Revised Statutes, 1976, as amended." Upon petitioner's appeal, lengthy hearings were held before a referee commencing June 5, 1978, continuing to and ending July 18, 1978. On September 22, 1978, the referee concluded that petitioner was disqualified from receiving benefits for six weeks under "Section 8–73–108(6) of the law . . . ." The order of the referee was adopted as the final order of the commission on March 28, 1979.

The commission's decision must be set aside if it is erroneous as a matter of law. Section 8–74–107(6)(d), C.R.S.1973 (1979 Cum.Supp.). Throughout the proceedings before the commission, the standard applied to all findings and conclusions was that contained in Colo.Sess.Laws 1976, Ch. 38, § 8–73–108(6)(b)(VIII) at 347.

That section stated as follows:

"In its consideration of granting an award, the division may consider whether or not:

.     .     .     .     .

The claimant's act or failure to act resulted in damage to employer's property or interest or in a distinguishable difference in the quantity or quality of work performed . . . ."

The General Assembly repealed § 8–73–108(6) and all subsections thereof, effective October 1, 1977. Colo.Sess.Laws 1977, Ch. 96, § 8–76–103(5) and (6) at 485. (An attempted gubernatorial veto of the repeal legislation was untimely and thus ineffective. *In re Interrogatories of Governor*, 195 Colo. 198, 578 P.2d 200 (1978).) The General Assembly has not adopted other provisions incorporating the precise causes for termination contained in repealed § 8–73–108(6)(b)(VIII).

The commission's exclusive reliance on this provision of the repealed statute throughout the proceedings renders its decision erroneous as a matter of law. Petitioner was required to contest a decision which was based upon legal standards not applicable to his claim. As this fundamental error appears of record, this court may correct it even though the issue was not raised by the parties to this appeal. C.A.R. 1(d); *See Polster v. Griff's of America*, 184 Colo. 418, 520 P.2d 745 (1974); *Hoggard v. General Rose Memorial Hospital Ass'n*, 160 Colo. 459, 420 P.2d 144 (1966).

Order set aside and cause remanded for further proceedings.

RULAND and STERNBERG, JJ., concur.