Paul McINTOSH and Josie McIntosh, Appellants,

v.

BEST WESTERN STEEPLEGATE INN, Frontier Management Corporation, an Iowa Corporation; Frontier Realty and Investments, a Limited Partnership, Appellees.

No. 94–1654.

Supreme Court of Iowa.

April 17, 1996.

Rehearing Denied May 23, 1996.

Mark T. Hedberg and Christopher D. Spaulding of Hedberg, Ward, Owens & Vonderhaar, Des Moines, for appellants.

Thomas J. Shields of Lane & Waterman, Davenport, for appellees.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

## PER CURIAM.

The sole issue in this premises liability appeal concerns the district court's refusal to allow evidence by the plaintiffs that the acting manager of the motel where plaintiff Paul McIntosh fell and was injured had, immediately thereafter, ordered a deicing compound to be applied to the area where the fall occurred. The ruling excluding this evidence was premised on Iowa Rule of Evidence 407 relating to subsequent remedial measures and Iowa Rule of Evidence 403 relating to exclusion of relevant evidence on prejudice grounds. We find that the evidence was not properly excluded under either of these rules and that its erroneous exclusion requires the granting of a new trial to plaintiffs.

Plaintiff Paul McIntosh was a guest at the defendant Best Western Steeplegate Inn on the evening of December 7, 1990. When he left the motel to retrieve some luggage from his automobile, he fell and injured himself. In this resulting litigation, he alleged that the defendants were negligent in failing to remove an unreasonably dangerous icy condition from the motel walkways and parking area.

During the trial, plaintiff offered photographs of the area where Paul claimed his fall took place. These photographs had been taken by a motel employee on the day following the fall. Paul's witness testified that ice not shown in the photographs was present at the time the fall occurred. A witness called by the motel testified that the photographs showed the condition as it existed at the time of Paul's fall.

It is within this context that we must decide whether the jury should have been permitted to hear testimony of the acting manager of the motel (given in an offer of proof) that she had ordered a deicing compound to be applied to the area shortly after learning of Paul's fall.

Iowa Rule of Evidence 407 provides:

**Subsequent remedial measures.** When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered in connection with a claim based on strict liability in tort or breach of warranty or for another purpose, such as proving owner-

ship, control, or feasibility of precautionary measures, if controverted, or impeachment.

The official committee comment to this rule provides as follows:

[T]his Rule incorporates the well-established principle that proof of a defendant's post-accident repair or improvement ordinarily is not admissible in negligence actions. If the evidence can be used for a purpose other than to constitute an admission or inference of negligence, it is admissible with an instruction limiting its use.... This is in accord with prior Iowa case law. [Citing *Blake v. City of Bedford,* 170 Iowa 128, 151 N.W. 74 (1915).]

In *Blake v. City of Bedford,* we stated the rule relating to subsequent remedial measures as follows:

[I]n this state, proof of subsequent repairs does not imply any admission by the defendant of the alleged defect, but ordinarily it is competent to show, if such be the case, that the [condition], as it exists at the time of trial, is not in the same condition as when the alleged injury occurred.

*Id.* at 129, 151 N.W. at 77. Although the rule announced in *Blake* antedated the adoption of Iowa Rule of Evidence 407, we believe it properly characterizes the purpose of the present rule. In seeking to uphold the district court's ruling, appellees urge that, if this type of evidence is allowed for a purpose other than proving negligence, there is a danger that the rule will be eaten up by its exceptions. This argument, we believe, fails to recognize the rule for what it is. Rule 407 is not a general rule of exclusion. It is a rule precluding the evidentiary use of remedial measures to prove negligence. It does not preclude that type of evidence from being used to prove other legitimate matters. Care must be taken, of course, that the other matters sought to be proved are not pretextual. That is not an issue in the present case. It was essential to plaintiff's case to show the condition of the surface where the fall occurred.

In *E.V.R. II Associates Ltd. v. Brundige,* 813 S.W.2d 552 (Tex.App.1991), the court allowed evidence of subsequent remedial measures to explain the condition existing at the time of an injury where photographs of the area were taken subsequent to the event. The court reasoned that the plaintiff needed to use the photographs, which were the only known pictures of the scene, to illustrate the general area to the jury but was entitled, in doing so, to present evidence of changed conditions between the time of the event and the time the photographs were taken. The plaintiffs in the present case faced a similar problem and should have been permitted to offer evidence that a deicing agent had been applied before the photographs were taken.

■ There is an additional ground upon which this evidence was admissible. The act of directing a deicing agent to be placed on a surface is circumstantial evidence as to what the condition of the surface was at the time these directions were given. In *Polster v. Griff's of America, Inc.,* 184 Colo. 418, 520 P.2d 745 (1974), the plaintiff had fallen on defendant's business premises. He sought to introduce evidence that immediately following this occurrence an employee of the defendant had stated "Go to 7–11 and get some salt and put it on this and get a broom and sweep it." The court found that this was proper circumstantial proof of whether the condition was icy at the time. When proffered evidence is relevant and essential to showing the existence of a condition upon which the claim depends, it should not be excluded under rule 407 on the basis that it might also tend to establish negligence. As noted in the official comment to our rule 407, the procedure in such cases is to give a proper limiting instruction.

Finally, we consider defendants' argument that reversal should not be predicated on the grounds urged by plaintiffs because there was no evidence that a deicing agent was in fact applied to the area where plaintiff fell. We find no merit in this argument. The nature and condition of property may be shown by circumstantial evidence. *Perkins v. Wal–Mart Stores, Inc.,* 525 N.W.2d 817, 820 (Iowa 1994). The fact that a supervisory employee of the defendants ordered that the deicing agent be applied was sufficient circumstantial evidence to permit the jury to find that it had been applied. Plaintiff

should have had the benefit of this evidence in order to make this valid argument to the jury.

We are mindful that the district court also rested its ruling on Iowa Rule of Evidence 403 as well as rule 407. It is clear from the record that the potential prejudice perceived by the court in making that ruling was the likelihood of the jury relying on this evidence to find lack of due care on defendants' part. We conclude that, in issues involving subsequent remedial measures, the evidentiary consequences of that type of prejudice inhere in the application of rule 407, which is specific to this type of factual situation. Consequently, because the court's ruling fails under rule 407 it also fails under rule 403.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to that court for a new trial on all issues.

**REVERSED AND REMANDED.**