257 So.2d 378

STATE of Louisiana

v.

Willie WILLS, III.

No. 51177.

Dec. 13, 1971.

Rehearing Denied Jan. 17, 1972.

James S. Gravel, Alexandria, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Edwin O. Ware, III, Dist. Atty., Jules L. Davidson, Jr., Asst. Dist. Atty., for plaintiff-appellee.

McCALEB, Chief Justice.

. Willie Wills, III, was tried by a jury and convicted of the crime of aggravated burglary. He prosecutes this appeal from his conviction and sentence to serve 25 years at hard labor in the state penitentiary.

During the trial defense counsel reserved 10 bills of exceptions, only 3 of which

were briefed and argued in this Court.[1] Inasmuch as we find merit in Bill of Exceptions No. 9, reserved when the trial judge refused defense motion for a mistrial, it is unnecessary to consider the other two. This motion was predicated on the district attorney's alleged "wilful violation of the rule of sequestration."

The record reflects that although all witnesses had been placed under the rule and instructed not to discuss the case with anyone other than the district attorney or defense counsel, the former, after the trial had recessed for the day, sent police officers in uniform to the homes of some four prospective defense witnesses. The officers could find only two of the witnesses and took them to police headquarters, where they were required to make statements about the case. One witness, Beatrice Mitchell, made such a statement. The other refused.

Article 764 of the Code of Criminal Procedure provides that when witnesses are placed under the rule they are to be ordered to "refrain from discussing the facts of the case or the testimony of any witness *with anyone other than the district attorney or defense counsel.*" (Emphasis ours.)

The district attorney contends there was no violation of the rule because the Alexandria City Police is "one of the investigatory arms of the district attorney's office." We do not agree.

The transcript discloses that when the trial judge was ruling on this motion he admitted the district attorney had "technically violated the rules of sequestration," and that the rules had also been violated by the witness who discussed the case with the police officer before whom her statement was taken. Defense counsel's motion for a mistrial was, nevertheless, denied by the judge on the ground he failed to see how this could have resulted in prejudice to the accused. However, he reprimanded such a practice and recognized the statement could be used to impeach the witness, particularly with respect to "possible contradictory content." For this reason, he stated he would *endeavor* to control the "future course of the evidence to prevent harm arising out of the possible contradictory statements in the statement itself."

We think it manifest that these remarks by the trial judge evidence the prejudicial nature of the district attorney's action, which was plainly violative of appellant's statutory right to have his witnesses secured from police interrogation. To conclude under the admitted facts that the transgression of the court's order was harmless would be unrealistic. For, apart from the inapplicability of Article 921 of

---

1. During oral argument, defense counsel formally abandoned the other seven bills.

the Code of Criminal Procedure [2] in cases where the substantial statutory rights of an accused have been violated, it is fairly evident that appellant was deprived of the testimony of one of his witnesses, as defense counsel advised the court that under the circumstances he would be afraid to place Beatrice Mitchell on the stand. We cannot say that counsel's apprehension was without foundation.

For the reasons assigned, the conviction and sentence are annulled and set aside, and the case is remanded for a new trial.

SANDERS, Justice (dissenting).

I agree there was a violation of the witness-sequestration order in the present case. Under the order, only the District Attorney (or the Assistant District Attorney trying the case) could interview the witnesses during the trial. In my opinion, the District Attorney improperly delegated his interview privilege to the Chief of Detectives of the Alexandria Police Department.

I cannot agree, however, that a mistrial should be granted. Insofar as it is pertinent to this case, Article 775 of the Louisiana Code of Criminal Procedure provides that a mistrial shall be ordered when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to secure a fair trial.

The objective of witness-sequestration is to prevent witnesses from being influenced by the testimony of other witnesses and to strengthen the roll of cross-examination in exposing false testimony. The primary purpose of the instruction limiting discussion of the case to the district attorney and defense counsel is to prohibit the witnesses from discussing the case with each other. State v. Raymond, 258 La. 1, 245 So.2d 335 (1971); State v. Lewis, 250 La. 876, 199 So.2d 907 (1967); Bennett, Work of Appellate Courts, 31 La.L.Rev. 376. No suggestion has been made in the present case that the prior testimony has been disclosed to any witness. Hence, the objective of the sequestration has not been defeated.

It is well established in this state and elsewhere that the enforcement of a witness-sequestration rule rests in the sound discretion of the trial court. State v. Rouse, 256 La. 275, 236 So.2d 211 (1970); State v. Coleman, 254 La. 264, 223 So.2d 402 (1969); 53 Am.Jur., Trial, § 33, pp. 48–49.

**2.** Article 921 provides: "A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or *constitutes a substantial violation of a* constitutional or *statutory right.*" (Emphasis ours.)

In my opinion, the trial judge properly exercised his discretion when he ruled:

"The violation of the rule of sequestration has probably been on both parties, the violation by the witness herself discussing the case and a qualified violation by the state for sending someone other than talking to the witness personally— from what I've heard, I don't believe that of itself this is prejudicial and I am not going to grant the motion for a mistrial. I do want to note that the future course of evidence can be controlled to some extent in an effort to prevent harm or prejudice to the defendant arising out of the witness having given this statement. In other words it is the *ruling* of the Court that the state should not profit by possibly having obtained a statement from this witness and possible impeachment of the witness based on that statement or possible contradictory content in the statement, will be regulated by the Court."

As I construe the ruling, the trial judge condemned the violation and agreed to protect the defense from any prejudice as a result of the violation, even to the extent of barring use of the statement if it became necessary. Although the contempt power was available, the trial judge did not use it, possibly because there was no decision of this Court holding that the District Attorney's interview privilege was

non-delegable. See LSA–C.Cr.P. Art. 764, Comment (b).

Insofar as I can determine, no mistrial has ever been granted for a violation of a witness-sequestration order. On analysis, a mistrial appears to be an inappropriate remedy. See Cruz v. People 149 Colo. 187, 368 P.2d 774 (1962); Annot., Witness— Violation of Exclusion Order, 14 A.L.R. 3rd 16, 114–116. In the present case, for example, the identical situation will exist on the new trial as on the original trial. The trial judge can do no more to protect the rights of the defendant than he has already done.

In denying a mistrial for a District Attorney's violation in Cruz v. People, supra, the Colorado Supreme Court aptly stated:

"No authority is cited in support of the contention that if there in fact be a violation of the exclusion rule a mistrial is the proper penalty, and it is indeed difficult to perceive just how a mistrial would remedy the mischief, if any, resulting from this alleged violation. The long standing rule followed by this Court is that even though there be an intentional violation of an exclusion order, it is still within the sound discretion of the trial court to permit the offending witness to testify, and we know of no instance where a mistrial has been approved as a proper penalty for such violation."

See also State v. Jordan, 151 La. 293, 91 So. 740 (1922).

For the reasons assigned, I respectfully dissent.

SUMMERS, Justice (dissenting).

I dissent for the reasons assigned by SANDERS, J.