CALOGERO, Justice.*
Defendant Steven C. Howard was indicted for first degree murder, a violation of R.S. 14:3o.[1] He was found guilty as charged and after a sentencing hearing which followed the trial, the jury recommended a life sentence. The trial court then sentenced defendant in accordance with the jury’s recommendation to life imprisonment without the benefit of probation, parole, or suspension of sentence. The only issue raised on this appeal is whether the trial court erred in denying defendant’s motion for a mistrial based on the ground that a prospective witness, under sequestration, had been taken into “protective” custody during the trial and was interrogated and threatened about his upcoming testimony-
During the course of the trial, defense counsel learned that Albert Kennedy, a witness subpoenaed by the state and placed under sequestration by the court, was being held and questioned in the district attorney’s office. Defense counsel then moved for a mistrial based upon Article 775 of the Code of Criminal Procedure which provides that a mistrial shall be ordered when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial.[2]
Out of the presence of the jury the trial court took testimony on defendant’s mistrial motion. Albert Kennedy testified that during the first day of the defendant’s trial he had been left undisturbed. However, on the second day while he was waiting in the hallway, two “detectives” took him downstairs to the district attorney’s office. There he was questioned by two police officers and two investigators from the district attorney’s office about his knowledge of defendant’s involvement in the incident. Kennedy testified that when he told the officers that he knew nothing about the case and that he was not in the vicinity of the scene of the crime, the officers threatened to harass him as long as he remained in Louisiana, and to cause the forfeiture of the material witness bond that his mother had posted for him, unless he told the truth.
Both Sergeants Lee and Glascock, the officers who questioned Kennedy, were examined by the court and counsel regarding the alleged threats and harassment.[3] Ser *MCCCVIII geant Lee testified that when he questioned Kennedy about the incident, he simply told Kennedy why the state thought he might have information about the shootings. He told the witness that his van had been seen across from the bar where the shootings had occurred and that the state had information that he had been at a meeting of a motorcycle club at which the victim’s murder might have been planned. Lee stated that he simply instructed Kennedy that he must tell the truth about what he knew about the case.
Sergeant Glascock testified similarly. He stated that Kennedy who was a member of one of the motorcycle clubs involved in the shootings was taken to the district attorney’s office for his own safety because of the hostility of many of the other witnesses and that another witness, George Crowell, was taken to the district attorney’s office at that time for the same reason. Glascock also stated that when defense counsel asked to speak to Kennedy privately, Glascock left the two of them alone in the district attorney’s office. When defense counsel asked if Kennedy was free to leave, Glascock replied that he was not, until dismissed by the court from his subpoena.
After this testimony, the trial judge called Kennedy back to the stand and examined him about the possible influence upon him of the complained of incident. The court instructed the witness that the court and no one else was in control of his bond and that if and when he was called as a witness, he was to testify to the truth. The witness replied that he understood that the judge controlled his bond and that he intended to testify truthfully. The court then ordered that Kennedy be allowed to remain outside the courtroom in the lobby until he was dismissed from the subpoena. The court, satisfied that defendant would not be deprived of a fair trial, denied defendant’s motion.
We do not find that the trial court erred in denying defendant’s motion or that defendant was deprived of a fair trial. Albert Kennedy was subpoenaed by the state. The defendant had no idea what Kennedy knew about the case or what might be the nature of his testimony, were he to testify. Neither the state nor the defense called Kennedy, so he did not testify. And although defendant argues that he did not call Kennedy because of fear of the prejudicial influence of the in-office questioning, defendant does not suggest how Kennedy’s testimony would have supported the defense or undermined the state’s case. When questioned during the motion for a mistrial, the witness testified that he was not a witness to the offense and knew nothing about the defendant’s involvement. When questioned by the court, Kennedy stated that if called to testify, he would do so truthfully.
The facts of this ease are distinguishable from those in State v. Willis, 260 La. 707, 257 So.2d 378 (1971) in which we reversed a defendant’s conviction when police officers improperly questioned a defense witness who was under sequestration. In that case defense counsel notified the court that he was afraid to place the witness on the stand because of the interrogation. There we held that the defendant was deprived of the testimony of one of his witnesses because counsel was legitimately apprehensive about placing, and therefore did not place the witness on the stand.
In this case, the witness was subpoenaed by the state, was willing to testify at trial and stated that he would testify truthfully if called. Because defendant has not shown or even suggested how he might have been prejudiced by the questioning of the witness in this case, we find that he was not thereby deprived of a fair trial. The trial judge did not err in denying the motion for a mistrial.

Decree

Accordingly defendant’s conviction and sentence are affirmed.
AFFIRMED.

 Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.

. The instant offense occurred on January 21, 1978 when the defendant was driven to Nutt’s Lounge in Baton Rouge to locate Tommy Craig, the murder victim. Testimony at trial indicated that defendant entered the lounge, sought out the victim and began shooting. He also shot a barmaid and two other bar patrons at that time.

. Article 775 provides as follows:
“A mistrial may be ordered, and in a jury case the jury dismissed, when:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
(4) The court finds that the defendant does not have the mental capacity to proceed;
(5) It is physically impossible to proceed with the trial in conformity with law; or
(6) False statements of a juror on voir dire prevent a fair trial.
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial.”

.The officers who questioned Kennedy were also state’s witnesses and were, like the defendant, under the rule of sequestration. Although all three witnesses were in violation of the sequestration order, defendant does not assign as error the violation of the sequestration order itself.